The Honorable Jamal N. Whitehead

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9   BRIAN HEINZ, individually and on behalf of
    all others similarly situated,
10                                              No. 2:23-CV-01073-JNW
                        Plaintiff,
11                                              **AMAZON'S RENEWED MOTION TO
            vs.                                 DISMISS PLAINTIFF'S FIRST
12                                              AMENDED COMPLAINT**
    AMAZON.COM, INC. and DOES 1 through
    10, inclusive, and each of them,
13                                              **ORAL ARGUMENT REQUESTED**
                        Defendants.
14                                              NOTE ON MOTION CALENDAR:
                                                October 13, 2023
15

16

17

18

19

20

21

22

23

24

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................... 2

    A.    Heinz Agrees to Resolve Any Disputes in Washington and Under Washington Law................................................................................... 2

    B.    Heinz Initiates a Customer-Service Chat on Amazon.com.................... 4

    C.    Heinz Sues in California and Under California Law, Ignoring the COUs........... 4

    D.    Heinz Files an Amended Complaint, Abandoning Most of His Claims. ............. 5

    E.    The Eastern District of California Transfers to this Court. ................................. 5

III.    THE COURT SHOULD DISMISS THE FAC ................................................... 6

    A.    Washington Law Governs this Dispute, Foreclosing Heinz's California Claims. ................................................................................... 6

        1.    Absent a Conflict of Laws, Washington Law Applies by Default. ........... 6

        2.    Even if the Court Undertakes a Choice-of-Law Analysis, the Court Should Enforce the Parties' Choice-of-Law Provision and Apply Washington Law................................................................. 7

        3.    Because Washington Law Governs, Heinz's California Law Claims Fail. .......................................................................... 10

    B.    Even Under California Law, Heinz's Claims Fail. ............................................. 10

        1.    Heinz's Claim Under CIPA Section 632 Fails. ...................................... 10

            a.    Heinz Could Reasonably Expect the Chats Would Be Recorded. ................................................................. 11

            b.    Amazon Did Not Intend to Record *Confidential* Communications. ................................................... 15

            c.    Heinz Consented to the Recording. ............................................. 16

        2.    Heinz's UCL Claim Fails. ...................................................... 17

            a.    Heinz Lacks Statutory Standing Under the UCL...................... 17

            b.    Heinz Alleges No Unlawful or Unfair Conduct......................... 18

1

IV.    CONCLUSION......................................................................................................20

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*ACD Distrib., LLC v. Wizards of the Coast, LLC*,
  2020 WL 3266196 (W.D. Wash. June 17, 2020), *aff'd*, 2021 WL 4027805 (9th Cir.
  Sept. 3, 2021) .................................................................................................................6, 7

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
  571 U.S. 49 (2013) ..............................................................................................................6

*Brazil v. Dell Inc.*,
  585 F. Supp. 2d 1158 (N.D. Cal. 2008) ...............................................................................9

*Bunce v. Ocwen Loan Serv'g, LLC*,
  2013 WL 3773950 (E.D. Cal. July 17, 2013) .....................................................................18

*Byars v. Hot Topic, Inc.*,
  -- F. Supp. 3d. --, 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .....................................1, 5

*Campbell v. Facebook Inc.*,
  77 F. Supp. 3d 836 (N.D. Cal. 2014) .................................................................................13

*Cappello v. Walmart Inc.*,
  2019 WL 11687705 (N.D. Cal. Apr. 5, 2019) .....................................................................18

*Carideo v. Dell, Inc.*,
  520 F. Supp. 2d 1241 (W.D. Wash. 2007)............................................................................8

*Cline v. Reetz-Laiolo*,
  329 F. Supp. 3d 1000 (N.D. Cal. 2018) ...................................................................11, 12, 13

*Cody v. Boscov's, Inc.*,
  -- F. Supp. 3d --, 2023 WL 2338302 (C.D. Cal. Mar. 2, 2023) ...........................................5

*Continental Airlines, Inc. v. Mundo Travel Corp.*,
  412 F. Supp. 2d 1059 (E.D. Cal. 2006)...............................................................................10

*Davis v. HSBC Bank Nev., N.A.*,
  691 F.3d 1152 (9th Cir. 2012) .............................................................................................19

*Elec. Indus. Serv. Bureau, Inc. v. Phila. Indem. Co.*,
  2018 WL 7286502 (N.D. Cal. July 11, 2018).....................................................................19

*Esparza v. Lenox Corp.*,
  2023 WL 2541352 (N.D. Cal. Mar. 16, 2023).....................................................................5

*Esparza v. UAG Escondido A1 Inc.*,
  2023 WL 4834945 (S.D. Cal. July 27, 2023) ..............................................................5

*Facebook, Inc. v. Profile Tech., Ltd*,
  2014 WL 492369 (N.D. Cal. Feb. 5, 2014) ............................................................7, 10

*Fagerstrom v. Amazon.com, Inc.*,
  141 F. Supp. 3d 1051 (S.D. Cal. 2015), *aff'd sub nom. Wiseley v. Amazon.com, Inc.*,
  709 F. App'x 862 (9th Cir. 2017) ......................................................................1, 8

*Faulkner v. ADT Sec. Servs., Inc.*,
  706 F.3d 1017 (9th Cir. 2013) ..................................................................11, 13, 14

*Garcia v. Build.com, Inc.*,
  2023 WL 4535531 (S.D. Cal. July 13, 2023) ............................................................5

*Garner v. Amazon.com, Inc.*,
  603 F. Supp. 3d 985 (W.D. Wash. 2022).......................................................2, 6, 7, 10

*Hernandez v. Quantum 3 Media, LLC*,
  No. 5:22-cv-1207 (C.D. Cal.) (July 11, 2022) ..........................................................1

*In re Facebook Privacy Litig.*,
  572 F. App'x 494 (9th Cir. 2014) ......................................................................18

*In re Google Assistant Privacy Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) ..............................................................18, 19

*In re Google, Inc. Gmail Litig.*,
  2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) .....................................................11, 12, 16

*Ins. Auto Auctions, Inc. v. Indian Harbor Ins. Co.*,
  2010 WL 11688494 (W.D. Wash. Sept. 16, 2010).......................................................9, 10

*Licea v. Am. Eagle Outfitters, Inc.*,
  -- F. Supp. 3d --, 2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ..............................................5

*Licea v. Cinmar, LLC*,
  -- F. Supp. 3d --, 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) ..............................................5

*Licea v. Vitacost.com, Inc.*,
  -- F. Supp. 3d --, 2023 WL 5086893 (S.D. Cal. July 24, 2023)...............................................5

*Martin v. Sephora USA, Inc.*,
  2023 WL 2717636 *2-6 (E.D. Cal. Mar. 30, 2023), *adopted*, 2023 WL 3061957 (Apr.
  24, 2023) ............................................................................................5

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021)...............................................................17, 18

*McKee v. Audible, Inc.*,
  2017 WL 4685039 (C.D. Cal. July 17, 2017) ..............................................................8, 9

*Montantes v. Inventure Foods*,
  2014 WL 3305578 (C.D. Cal. July 2, 2014) .....................................................................16

*Mortensen v. Bresnan Commc'n, LLC*,
  2010 WL 5140454 (D. Mont. Dec. 13, 2010) ...................................................................17

*Quigley v. Yelp, Inc.*,
  2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ...................................................................13

*Revitch v. New Moosejaw, LLC*,
  2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ...................................................................14

*Reyes v. Educ. Credit Mgmt. Corp.*,
  773 F. App'x 989 (9th Cir. 2019) .....................................................................................16

*Rodriguez v. Google LLC*,
  2021 WL 2026726 (N.D. Cal. May 21, 2021) .............................................................13, 15

*Shroyer v. New Cingular Wireless Servs., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ..........................................................................................19

*Swarts v. Home Depot, Inc.*,
  2023 WL 5615453 (N.D. Cal. Aug. 30, 2023) ....................................................2, 12, 14, 18

*United States v. Staves*,
  383 F.3d 977 (9th Cir. 2004) ............................................................................................16

*Valenzuela v. Keurig Green Mountain, Inc.*,
  2023 WL 3707181 (N.D. Cal. May 24, 2023) .....................................................................5

*Valenzuela v. Kroger Co.*,
  2023 WL 4418887 (C.D. Cal. June 23, 2023) .....................................................................5

*Wash. Land Dev., LLC v. Lloyds TSB Bank, PLC*,
  2014 WL 3563292 (W.D. Wash. July 18, 2014) .................................................................7

*Williams v. Facebook, Inc.*,
  384 F. Supp. 3d 1043 (N.D. Cal. 2018) ..............................................................................9

*Williams v. What If Holdings, LLC*,
  2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .................................................................17

*Wiseley v. Amazon.com, Inc.*,
  709 F. App'x 862 (9th Cir. 2017) .......................................................................................9

**State Cases**

*Burnside v. Simpson Paper Co.*,
123 Wn.2d 93 (1994) ........................................................................................................6

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ....................................................................................................19

*Erwin v. Cotter Health Ctrs.*,
161 Wn.2d 676 (2007) ................................................................................................6, 8, 9

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ....................................................................................................11

*Ingram v. Real Estate Skills, Inc.*,
No. 22CV400203 (Santa Clara Super. Ct.) (July 11, 2022) ......................................1

*Lozano v. City of Los Angeles*,
73 Cal. App. 5th 711 (2022), *review denied* (Apr. 20, 2022) ...........................15, 16

*Mavis v. JC USA, Inc.*,
No. 37-2023-3705 (San Diego Super. Ct.) (Jan. 26, 2023) ......................................1

*People v. Cho*,
2010 WL 4380113 (Cal. Ct. App. Nov. 5, 2010)........................................................12

*People v. Griffitt*,
2010 WL 5006815 (Cal. Ct. App. Dec. 9, 2010)........................................................12

*People v. Nakai*,
183 Cal. App. 4th 499 (2010) ................................................................................11, 12, 14

*People v. Super. Ct. of L.A. Cnty.*,
70 Cal. 2d 123 (1969) ....................................................................................................15

*Schnall v. AT&T Wireless Servs., Inc.*,
171 Wn.2d 260 (2011) ......................................................................................................7

*Searle v. Princess Cruises*,
No. 23STCV02205 (L.A. Super. Ct.) (Feb. 1, 2023)..................................................1

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) ....................................................................................................16

*Swarts v. Home Depot, Inc.*,
23CV410599 (Santa Clara Super. Ct.) (Jan. 30, 2023)..................................1, 2, 12

*TBG Ins. Servs. Corp. v. Super. Ct.*,
96 Cal. App. 4th 443 (2002) ................................................................................11, 13, 16

*Willis v. Tonal Sys., Inc.*,
    No. CGC-22-603025 (S.F. Super. Ct.) (Dec. 21, 2022) ............................................................1

*Woodward v. Taylor*,
    184 Wn.2d 911 (2016) ............................................................................................6, 7

**Federal Statutes**

18 U.S.C. § 2510 *et seq.*................................................................................................4, 5

28 U.S.C. § 1404(a) ......................................................................................................5, 6

Privacy Act................................................................................................................. *passim*

**State Statutes**

California Business & Professions Code § 17200 *et seq.* ......................................... *passim*

California Penal Code
    § 630 *et seq.* ....................................................................................................2, 4
    § 631................................................................................................................4, 5, 9
    § 632......................................................................................................... *passim*
    § 632(a) ...................................................................................................11, 16
    § 632(c) ...........................................................................................................11
    § 632.7..........................................................................................................4, 5
    § 637.2(a) ............................................................................................................9

RCW
    § 9.73.030..........................................................................................................9
    § 9.73.030(1)(a) ...............................................................................................9
    § 9.73.060..........................................................................................................9

**Rules**

Rule 12(b)(6) ...........................................................................................................5, 6, 14

**Other Authorities**

Restatement (Second) Conflict of Laws (1971) § 187.....................................................8, 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.    INTRODUCTION

Plaintiff Brian Heinz's initial complaint was copied-and-pasted from a template for more than 100 class-action complaints filed across California (at least six by Heinz's counsel[1]), alleging violations of California's Invasion of Privacy Act ("CIPA") based on the standard practice of recording customer-service website chats.  This wave of copycat cases has been met with a corresponding wave of dismissals, with California federal courts deeming them meritless and admonishing plaintiffs for filing similar "serial," "cookie cutter," "copy[] and paste[] … boilerplate" complaints.  *Byars v. Hot Topic, Inc.*, -- F. Supp. 3d. --, 2023 WL 2026994, at *4–5 (C.D. Cal. Feb. 14, 2023).  After abandoning most of his claims, Heinz's amended complaint rests on his theory that the customer-service webchats he initiated with Amazon constitute clandestine recordings of "confidential" communications under California law.  His claims fail on several grounds.

To begin with, the Court should quickly dispose of Heinz's claims because they rest on inapplicable state law.  As the Honorable William B. Shubb, District Court Judge of the Eastern District of California, found in transferring the case here, Heinz agreed to the Amazon.com Conditions of Use (the "COUs") when making the purchases at issue.  Heinz therefore cannot reasonably challenge the authenticity of the COUs or his assent to them.  In accepting the COUs, Heinz agreed that Washington law governs "any dispute of any sort that might arise between you and Amazon."  Under Washington choice-of-law principles, which govern here, courts presumptively apply this choice-of-law agreement.  Indeed, courts regularly enforce the very choice-of-law provision that Heinz agreed to here, *see*, *e.g.*, *Fagerstrom v. Amazon.com, Inc.*, 141 F. Supp. 3d 1051, 1061–62 (S.D. Cal. 2015) (enforcing COU choice-of-law provision), *aff'd sub nom. Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862 (9th Cir. 2017), and Heinz has no basis to avoid his agreement to Washington law.  Because Washington law applies, Heinz's claims

---

[1] *Hernandez v. Quantum 3 Media, LLC*, No. 5:22-cv-1207 (C.D. Cal.) (July 11, 2022); *Ingram v. Real Estate Skills, Inc.*, No. 22CV400203 (Santa Clara Super. Ct.) (July 11, 2022); *Willis v. Tonal Sys., Inc.*, No. CGC-22-603025 (S.F. Super. Ct.) (Dec. 21, 2022); *Mavis v. JC USA, Inc.*, No. 37-2023-3705 (San Diego Super. Ct.) (Jan. 26, 2023); *Swarts v. Home Depot, Inc.*, 23CV410599 (Santa Clara Super. Ct.) (Jan. 30, 2023); *Searle v. Princess Cruises*, No. 23STCV02205 (L.A. Super. Ct.) (Feb. 1, 2023).

under California law fail and should be dismissed.  *See Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 995–96 (W.D. Wash. 2022) (applying Washington law and dismissing CIPA claims).

Even if California law applied, as Heinz alleges, he fails to state a viable claim.

*First*, Heinz's claim under CIPA Section 632 fails several times over, as the Northern District of California recently held in dismissing these same claims by Heinz's counsel in another webchat case.  *See Swarts v. Home Depot, Inc.*, 2023 WL 5615453, at *8–9 (N.D. Cal. Aug. 30, 2023).  Most fundamentally, Section 632 only prohibits recording "confidential" communications, and under California law, written internet communications like webchats are not "confidential" because they are by nature already recorded in a format easily shared beyond the immediate recipient.  Heinz's allegations are indistinguishable from those the *Home Depot* court dismissed on precisely this ground.  *Id.* at *8 (plaintiff's "claim that consumers 'cannot be expected to know' that chat conversations with customer service agents are generally recorded is objectively unreasonable").  Further, Heinz does not allege Amazon intended to record any "confidential" communications, as required under CIPA (a criminal statute).  And, in any event, Heinz consented to the recording both by acknowledging such recording practices before he chose to initiate his webchats, and by typing out and sending his chats to Amazon—conduct which courts recognize necessarily involves his own "recording" of his chat and consent to the same.

*Second*, Heinz's claim under California's Unfair Competition Law fails because he alleges neither any economic injury (and thus lacks statutory standing), nor unlawful or unfair conduct.  *See id.* at *9–10 (dismissing webchat UCL claim for failure to allege economic injury).

The Court should dismiss Heinz's First Amended Complaint in its entirety.

## II.    BACKGROUND

### A.    Heinz Agrees to Resolve Any Disputes in Washington and Under Washington Law.

Amazon operates an online store, offering customers a wide variety of products for sale. When making a purchase in the Amazon store, a customer must click the "Place your order"

button.  *See* RJN Ex. 9.  The button appears immediately adjacent to a notice that, "[b]y placing your order," "you agree to Amazon's privacy notice and conditions of use."  *Id.*  The "conditions of use" and "privacy notice" appear in blue font and link, respectively, to the COUs and Privacy Notice on Amazon's website.  *Id.*  Thus, "the Conditions [of Use] must be accepted … every time the customer places an order."  ECF No. 30 (Order Granting Amazon's Motion to Transfer ("Transfer Ord.")) at 5:17–19.  Heinz made several purchases on the Amazon website, thus agreeing to the COUs and Privacy Notice.  ECF No. 21 (First Amended Compl. ("FAC")) ¶ 10; Transfer ord. at 2:21–22, 12:2–3.

   The COUs include a bolded "**DISPUTES**" provision, which provides: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington[.]"  RJN Ex. 1 at 3.[2]  The COUs also contain an express choice-of-law clause under the "**APPLICABLE LAW**" section, providing that Washington law governs "any dispute of any sort that might arise between you and Amazon."

## APPLICABLE LAW

By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.

*Id.* at 4.

   The Privacy Notice, in turn, advises customers that Amazon "receive[s] and store[s] any information you provide in relation to Amazon Services" and does so "to provide and continually improve our products and services."  RJN Ex. 5 at 1.  The Privacy Notice also advises that Amazon "employ[s] other companies and individuals to perform functions on our behalf," and "[t]hese third-party service providers have access to personal information needed to perform their functions[.]"  *Id.* at 2.  The Privacy Notice provides examples of third-party functions,

---

[2] Amazon attaches four versions of the COUs in effect from May 2021 through October 3, 2022—when Heinz purchased products from the Amazon website and engaged in the webchats at issue, RJN Exs. 1–4.  These versions are identical for purposes of this Motion, and for ease of reference Amazon cites only to Exhibit 1.  Amazon likewise attaches materially identical versions of the Privacy Notice, RJN Exs. 5–8, that cover the period February 2021 through December 2022, but cites only to Exhibit 5.

including "providing customer service." *Id.* Customers agree that, "[b]y using Amazon Services, you are consenting to the practices described in this Privacy Notice." *Id.* at 1.

### B.    Heinz Initiates a Customer-Service Chat on Amazon.com.

Before July 2022, Heinz purchased products through the Amazon website. *See* FAC ¶ 10. Heinz alleges that between July and September 2022, he communicated with Amazon via the "chat" feature on Amazon's website. *Id.* This feature allows customers to send written questions to Amazon about its products and services, to which Amazon can then respond in writing. *See id.* ¶¶ 10–12. Heinz alleges his chats concerned "shipping disputes related to products purchased on [Amazon's] website." *Id.* ¶ 10. He alleges Amazon "intentionally" "record[ed]" those written chats, though he does not allege those communications contained any private or confidential information. *Id.* ¶¶ 12–13. He also alleges that if a user requests a transcript of the chat, Amazon will respond: "You can take a screenshot of this conversation since we don't have an option to send it. No worries, this conversation is also recorded. If in case you contact us back we can still review it." *Id.* ¶ 12. Heinz does not allege he suffered any actual monetary damages.

### C.    Heinz Sues in California and Under California Law, Ignoring the COUs.

Despite repeatedly agreeing to the COUs, Heinz ignored the parties' forum-selection clause and filed this putative class action in the Superior Court of California. Amazon removed the action to the U.S. District Court for the Eastern District of California. ECF No. 1.

Heinz brought claims under California law despite the COUs' Washington choice-of-law provision. Heinz's initial complaint asserted a claim for violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* ("Wiretap Act") on behalf of a nationwide class; and claims for violation of sections 631, 632, and 632.7 of the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.* ("CIPA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), on behalf of California sub-classes. His case came on the heels of a wave of over 100 nearly identical class actions across California (at least six of which were filed by Heinz's counsel, *supra* note 1), asserting CIPA violations based on companies' practice of recording their

website chats with customers.  These cases have been soundly rejected by nearly every court under Rule 12(b)(6).[3]

**D.      Heinz Files an Amended Complaint, Abandoning Most of His Claims.**

Amazon moved to transfer or dismiss Heinz's initial complaint.  ECF No. 18.  Instead of opposing, Heinz filed a First Amended Complaint in which he abandoned his theory that Amazon (or some unidentified third party) wiretapped or eavesdropped on his webchats with Amazon.  He also abandoned his claims under the Wiretap Act, and Sections 631 and 632.7 of CIPA.  Now, Heinz only alleges violations of CIPA Section 632 and the California UCL.

**E.      The Eastern District of California Transfers to this Court.**

Amazon moved to enforce the forum-selection clause and transfer the case to this Court under 28 U.S.C. § 1404(a) or, in the alternative, dismiss under Rule 12(b)(6).  *See* ECF No. 24 (Motion to Transfer or Dismiss).  Amazon showed that Plaintiff accepted the COUs, including a forum-selection clause designating the Western District of Washington as the exclusive venue, when he created an Amazon account, each time he signed in, and each time he made a purchase through the Amazon website.  *Id.*  On July 11, 2023, the California federal court granted the motion to transfer, citing the many cases enforcing Amazon's COUs and explaining "the [COUs] must be accepted … every time the customer signs into the account, and every time the customer places an order. … This court agrees with the findings of other district courts and concludes that the Conditions are sufficiently conspicuous and thus enforceable."  Transfer Ord. at 5:17–25.

---

[3] *E.g.*, *Byars*, 2023 WL 2026994, at *4–12 (dismissing webchat CIPA claims; noting another plaintiff's firm represents "serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA against various business that operate websites" where they "copy[] and paste[] … boilerplate pleadings," "underscoring all of the deficiencies in the [complaint]"); *Esparza v. UAG Escondido A1 Inc.*, 2023 WL 4834945, at *1–2 (S.D. Cal. July 27, 2023) (dismissing webchat CIPA claims); *Licea v. Vitacost.com, Inc.*, -- F. Supp. 3d --, 2023 WL 5086893, at *2–5 (S.D. Cal. July 24, 2023) (same); *Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *4–6 (S.D. Cal. July 13, 2023) (same); *Valenzuela v. Kroger Co.*, 2023 WL 4418887, at *1–3 (C.D. Cal. June 23, 2023) (same); *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 3707181, at *2–6 (N.D. Cal. May 24, 2023) (same); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *2–6 (E.D. Cal. Mar. 30, 2023) (same), *adopted*, 2023 WL 3061957 (Apr. 24, 2023); *Licea v. Cinmar, LLC*, -- F. Supp. 3d --, 2023 WL 2415592, at *4–13 (C.D. Cal. Mar. 7, 2023) (same); *Cody v. Boscov's, Inc.*, -- F. Supp. 3d --, 2023 WL 2338302, at *2–3 (C.D. Cal. Mar. 2, 2023) (same); *Licea v. Am. Eagle Outfitters, Inc.*, -- F. Supp. 3d --, 2023 WL 2469630, at *6–10 (C.D. Cal. Mar. 7, 2023) (same); *Esparza v. Lenox Corp.*, 2023 WL 2541352, at *2–3 (N.D. Cal. Mar. 16, 2023) (same).

Because the court transferred the action, it declined to address the motion to dismiss. *Id.* at 13:21–23. Amazon now renews its still-pending motion to dismiss under Rule 12(b)(6).

### III.    THE COURT SHOULD DISMISS THE FAC

The Court should dismiss Heinz's claims with prejudice pursuant to Rule 12(b)(6). *First*, Washington law governs Heinz's dispute, which is fatal to all his claims under California law. *Second*, even if California law applied, Heinz fails to state a viable claim under that law.

### A.    Washington Law Governs this Dispute, Foreclosing Heinz's California Claims.

#### 1.    Absent a Conflict of Laws, Washington Law Applies by Default.

Because the case was transferred under Section 1404(a), the choice-of-law principles of the transferee court—Washington—applies. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 65–66 (2013) (when a court transfers under § 1404(a) pursuant to a forum-selection clause, "[t]he court in the contractually selected venue should not apply the law of the transferor venue"). In Washington, "[w]hen choice of law is disputed"—whether under a choice-of-law provision or default choice-of-law principles—"there must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis"; absent such conflict, Washington law applies by default. *Garner*, 603 F. Supp. 3d at 995 (quoting *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 967 (2014)); *see Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 692 (2007) (engaging "actual conflict" analysis in enforcing choice-of-law provision). "An actual conflict of law exists where the result of an issue is different under the laws of the interested states." *Woodward v. Taylor*, 184 Wn.2d 911, 917 (2016). The burden of establishing an actual conflict falls on the party resisting the application of Washington law. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 104 (1994); *ACD Distrib., LLC v. Wizards of the Coast, LLC*, 2020 WL 3266196, at *4 (W.D. Wash. June 17, 2020) (party resisting choice-of-law provision bears burden of showing actual conflict), *aff'd*, 2021 WL 4027805 (9th Cir. Sept. 3, 2021). Heinz must first carry this burden for the Court to engage in a choice of law analysis; if

he fails to do so, the inquiry ends and Washington law applies as the default. *Woodward*, 184 Wn.2d at 917 ("if there is no actual conflict, apply the presumptive law of the forum"). But even if the Court does undertake a choice of law analysis, Washington law applies, as set forth below.

> **2.     Even if the Court Undertakes a Choice-of-Law Analysis, the Court Should Enforce the Parties' Choice-of-Law Provision and Apply Washington Law.**

The choice of law analysis dictates applying Washington law because the parties agreed to a valid Washington choice-of-law provision, which Heinz has no basis to avoid.[4]

Under Washington choice-of-law principles, courts "generally enforce contract choice of law provisions." *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 266 (2011) (citation & internal quotation marks omitted) ("We interpret contract provisions to render them enforceable whenever possible."); *see ACD Distrib*, 2021 WL 4027805, at *1–2 (9th Cir. Sept. 3, 2021) (affirming trial court decision enforcing choice-of-law provision). The choice-of-law provision in the COUs provides "the laws of the state of Washington, without regard to principles of conflict of laws, will govern … *any dispute of any sort* that might arise between [Heinz] and Amazon." RJN Ex. 1 at 4 (emphasis added). This broad provision plainly encompasses Heinz's two claims concerning his use of the Amazon customer service webchat feature, and the Court should enforce it. *See Wash. Land Dev., LLC v. Lloyds TSB Bank, PLC*, 2014 WL 3563292, at *5 (W.D. Wash. July 18, 2014) (choice-of-law provision governed statutory claim, explaining "the Court must focus on the objective manifestations of their agreement—i.e., the actual words used'") (citation & internal quotation marks omitted); *Facebook, Inc. v. Profile Tech., Ltd*, 2014 WL 492369, at *2 (N.D. Cal. Feb. 5, 2014) (choice-of-law provision reading "the laws of the

---

[4] "As long as a court has sufficient information to thoroughly analyze the choice-of-law issue and discovery will not likely affect the analysis, it is appropriate for the Court to undertake a choice-of-law analysis at the motion-to-dismiss stage." *Garner*, 603 F. Supp. 3d at 994 (citation & internal quotation marks omitted). That is the case here, as Heinz alleges he purchased products through the Amazon website, FAC ¶ 10, at which time he was required to and did accept the terms of the Amazon Conditions of Use. RJN Exs. 1–4, 9 (publicly available purchase page and Amazon COUs). Further, in transferring this action, Judge Schubb held that Heinz accepted the terms of the COUs and they applied to his claims. Transfer Ord. 4:28–5:25. Heinz cannot credibly dispute that he accepted the COUs.

State of Delaware … will govern this Agreement and any dispute of any sort that might arise between the signing party and Facebook" encompassed UCL claim).

In Washington, courts presume a choice-of-law provision, like the one in the COUs, is valid, unless one of two exceptions set forth in Section 187 of the Restatement (Second) Conflict of Laws (1971) ("Restatement") applies. *See Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 694 (2007). As the party opposing enforcement, Heinz bears the burden of establishing one of these two narrow exceptions. *Id.* at 694–95. These limited exceptions apply only where:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

> (b) application of the law of the chosen state would be [i] contrary to a *fundamental policy* of a state which [ii] has a *materially greater interest* than the chosen state in the determination of the particular issue and which, [iii] under the rule of [Restatement] § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187(2)(a)–(b) (emphases added). Heinz cannot make the showing required to invoke either exception.

***Substantial Relationship***. Heinz cannot show Washington lacks a substantial relationship to the parties or action under the Restatement § 187(2)(a) exception. Indeed, "Washington has a 'substantial relationship to the parties or their transaction' because Washington is Amazon's principal place of business." *See Fagerstrom*, 141 F. Supp. 3d at 1062 (enforcing Amazon COUs' choice-of-law provision under Restatement § 187(2)), *aff'd sub nom. Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862 (9th Cir. 2017); *McKee v. Audible, Inc.*, 2017 WL 4685039, at *4 (C.D. Cal. July 17, 2017) ("A substantial relationship exists between a party and the state that party is domiciled, resides, or is incorporated in."); *Carideo v. Dell, Inc.*, 520 F. Supp. 2d 1241, 1245 (W.D. Wash. 2007) (principal place of business has substantial relationship to parties and claims).

***Not Contrary to Fundamental Policy.*** The Restatement § 187(2)(b) exception poses "three questions[,]" "all of which must be answered in the affirmative for the exception to

apply." *Erwin*, 161 Wn.2d at 696.  Heinz cannot even pass the first of the three requirements—showing that Washington law would be "contrary to a fundamental policy" of California.  *See id.* "[M]erely showing that the laws of two states differ does not establish that one state's laws violate the other state's public policy."  *Ins. Auto Auctions, Inc. v. Indian Harbor Ins. Co.*, 2010 WL 11688494, at *6 (W.D. Wash. Sept. 16, 2010); *see Williams v. Facebook, Inc.*, 384 F. Supp. 3d 1043, 1056 (N.D. Cal. 2018) ("[d]ifferences in the particulars of the consumer statutes … do not represent a fundamentally different policy").  "[T]he standard is whether the chosen law is so offensive to California public policy as to be 'prejudicial to recognized standards of morality and to the general interest of the citizens.'"  *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1166 (N.D. Cal. 2008) (citation omitted) (applying Restatement § 187(2)(b)).

Washington and California's wiretapping statutes advance the same fundamental policy. Each bars recording private communications without consent, and each provides a private right of action to recover damages.  *Compare* RCW §§ 9.73.060, 9.73.030 (providing private right of action to redress interception or recording of private communications without consent), *with* Cal. Penal Code §§ 631–632, 637.2(a) (same).  Indeed, Judge Shubb rejected Heinz's argument that applying Washington law would contravene California's fundamental policy in protecting privacy rights, concluding "Washington law similarly reflect[s] a strong public policy of protecting the right to privacy."  Transfer Ord. 9:10–12:3 (comparing Section 632 with RCW § 9.73.030(1)(a)).  Likewise, as to Heinz's UCL claim, Washington's and California's consumer protection laws align.  *See Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017) (affirming ruling enforcing Amazon COUs' choice-of-law, reasoning "Washington's and California's consumer protection laws … appear to be substantially similar," so "applying Washington law is not contrary to a fundamental policy of California law"); *McKee*, 2017 WL 4685039, at *4 (enforcing Amazon COUs choice of law under Restatement § 187(2), reasoning "Washington law, at least in the context of consumer protection, does not conflict with California law").  As Heinz will be unable to make this showing, the Court need go no further in its analysis and should enforce the COUs' choice-of-law provision and apply Washington law.

**3.    Because Washington Law Governs, Heinz's California Law Claims Fail.**

The application of Washington law—whether pursuant to a valid choice-of-law provision or default choice-of-law principles—bars claims brought under another state's laws, which "must be dismissed." *Ins. Auto Auctions*, 2010 WL 11688494, at *2. Because Washington law governs Heinz's consumer and privacy claims, his claims under California law all fail. *See Garner*, 603 F. Supp. 3d at 995–96, 1004 (dismissing CIPA claims on account of applying Washington law); *Ins. Auto Auctions*, 2010 WL 11688494, at *6–7 (dismissing Washington law claims on account of New York choice-of-law provision); *Continental Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1070 (E.D. Cal. 2006) (dismissing UCL claim on account of choice-of-law provision); *Profile Tech.*, 2014 WL 492369, at *2 (same).

In sum, Heinz cannot overcome the presumptively valid choice-of-law provision in the COUs nor explain why Washington law would not apply by default. Heinz's California claims must therefore be dismissed.

**B.    Even Under California Law, Heinz's Claims Fail.**

Even if the Court were to apply California law, Heinz's claims should be dismissed. *First*, Heinz fails to state a claim under Section 632 of CIPA, as that statute does not apply to the alleged conduct here—voluntary webchats Heinz initiated with Amazon through a website. *Second*, Heinz fails to allege the requisite standing for his UCL claim, nor does he allege the necessary underlying misconduct.

**1.    Heinz's Claim Under CIPA Section 632 Fails.**

Heinz does not—and cannot—allege three key elements of a Section 632 claim: (1) that his customer service chats were "confidential," as they were by nature being recorded; (2) that Amazon intended to record *confidential* communications; and (3) lack of consent. Each provides independent grounds for dismissal.

1

2

### a.    Heinz Could Reasonably Expect the Chats Would Be Recorded.

Section 632 bars "unconsented-to eavesdropping or recording of conversations." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002).  It applies only to "confidential" communications, and excludes "communication[s] made … in any … circumstance[s] in which the parties to the communication may reasonably expect that the communication may be … recorded." Cal. Penal Code § 632(a), (c).  Under this *objective* standard, a plaintiff must "allege facts that would lead to the plausible inference that his was a confidential communication—that is, a communication that he had an objectively reasonable expectation was not being recorded." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013).  Put another way, a communication is not confidential if a party "could reasonably expect that the communication may be … recorded."  *People v. Nakai*, 183 Cal. App. 4th 499, 518 (2010).

Written online communications are not "confidential" under Section 632 because they—by nature—are memorialized in writing (i.e., "recorded") and thus in a format that may be shared beyond the immediate recipient.  *See Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) ("Internet-based communications are not 'confidential' within the meaning of section 632, because such communications can easily be shared by, for instance, the recipient(s) of the communications.") (citation omitted); *In re Google, Inc. Gmail Litig.*, 2013 WL 5423918, at *23 (N.D. Cal. Sept. 26, 2013) (emails not confidential under Section 632 because "email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications").  "[A]ny reasonably intelligent person 'savvy enough' to use the Internet is aware that messages are received in a recorded format and can be downloaded or printed by the party receiving the message; by sending a communication over the Internet, the party expressly consents to the recording of the message and demonstrates that he has no reasonable expectation of privacy in his e-mails." *TBG Ins. Servs. Corp. v. Super. Ct.*, 96 Cal. App. 4th 443, 452 n.8 (2002) (citation & internal quotation marks omitted).

The California Court of Appeal has applied this principle to the communications at issue here—online chats.  In *Nakai*, the defendant sought to exclude from trial his online chats, arguing they were obtained in violation of Section 632.  183 Cal. App. 4th at 518.  The court rejected this argument, finding it was "not reasonable for defendant to expect the communications to be confidential because the circumstances reflect that the communications could have easily been shared or viewed by," among other people, "any computer user with whom [the intended recipient] wanted to share the communication."  *Id.*; *see In re Google*, 2013 WL 5423918, at *22 (similarly characterizing *Nakai*'s holding).[5]  In granting Amazon's motion to transfer this case to this Court, Judge Shubb expressed the same view, stating:  "I don't see the difference" between the chats in *Nakai* and Heinz's chats here.  C.D. Cal. ECF No. 34 (Tr. of Proceedings for July 10, 2023 hearing on Amazon's Mot. to Transfer ("Hr'g Tr.")) at 16:8.

Most recently—and directly on point—the California federal court in *Swarts* dismissed webchat claims identical to Heinz's (and brought by Heinz's same counsel) on precisely these grounds.  2023 WL 5615453, at *8 (finding plaintiff's "claim that consumers 'cannot be expected to know' that chat conversations with customer service agents are generally recorded is objectively unreasonable").  Indeed, federal courts consistently apply *Nakai*'s reasoning to find any number of written online communications not "confidential" under CIPA.  For instance, the *In re Google* court applied *Nakai* to email, noting its "similar[ity] to internet chats."  2013 WL 5423918, at *23.  "Unlike phone conversations, email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications."  *Id.*  This logic controls even where "electronic messages [are] sent to a family member or significant other … [and] concern private medical and financial information."  *Cline*, 329 F. Supp. 3d at 1051 (finding

---

[5] Unpublished California Court of Appeal cases follow *Nakai*.  *E.g.*, *People v. Cho*, 2010 WL 4380113, at *4–5 (Cal. Ct. App. Nov. 5, 2010) (chat conversations not confidential under Section 632); *People v. Griffitt*, 2010 WL 5006815, at *6 (Cal. Ct. App. Dec. 9, 2010) (same, explaining "[e]veryone who uses a computer knows that the recipient of e-mails and participants in chat rooms can print the e-mails and chat logs and share them with whoever they please, forward them or otherwise send them to others").

"emails and other electronic messages" not confidential) (citation & internal quotation marks omitted).

A plaintiff can only overcome this "settled" and "exacting" presumption by pleading "unique, definite circumstances rebutting" it.  *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7, *8 n.10 (N.D. Cal. May 21, 2021).  Heinz does no such thing.  He contends he assumed his online customer-service chats were "private" because they were "of a nature that a reasonable consumer has come to expect are not being recorded unless so told."  FAC ¶ 15.  But Heinz's conclusory recital carries no weight.  *See Faulkner*, 706 F.3d at 1020 (allegation that "conversation was confidential because it was 'carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined thereto'" rejected as "no more than a 'threadbare recital' of the language of Section 632, precisely the kind that *Iqbal* prohibits").  And California courts have squarely rejected Heinz's assumption, finding it objectively unreasonable given the nature of internet communications.  Internet users cannot *reasonably* expect "confidentiality" under Section 632 in their written online communications because they are necessarily "received in a recorded format."  *TBG Ins. Servs.*, 96 Cal. App. 4th at 452 n.8; *see Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848–49 (N.D. Cal. 2014) (Facebook chats not "confidential" under Section 632); *Cline*, 329 F. Supp. 3d at 1051–52 ("emails and other electronic messages" not "confidential" under Section 632); *Quigley v. Yelp, Inc.*, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018) (plaintiff's comments posted on webpages not "confidential" under Section 632).  Heinz's attorney even conceded his claims hinge on his distinction (without a difference) between webchats and text messages: "If I sent a text message to Amazon, … I would not then claim … that that was a violation of CIPA."  Hr'g Tr. at 18:7–10.[6]

---

[6] Heinz contends consumers' expectations regarding customer-service *telephone* calls "hold true for California [c]onsumers with respect to chat transcripts" because they "are equivalent to telephone conversations with customer service agents, as they relate to the same topics and content."  FAC ¶ 14.  But this misses the point.  California courts hold online communications are not "confidential" under Section 632 on account of their mode of transmission, not their message.

Heinz cannot allege anything about the circumstances of his customer-service chats to distinguish them from other online chats found not confidential. *See Nakai*, 183 Cal. App. 4th at 518 (observing "[c]omputers that are connected to the internet are capable of instantaneously sending writings and photographs to thousands of people"); *Swarts*, 2023 WL 5615453, at *8 (finding nothing inherently private about the "relationship … of a Home Depot customer conversing with a customer service agent"). Heinz does not allege he had any special relationship with Amazon, and communications related to product purchases do not inherently invoke "confidentiality" under Section 632. *Faulkner*, 706 F.3d at 1020 (allegation that plaintiff "called to dispute a charge [was not] sufficient to lead to the plausible inference that he had an objectively reasonable expectation of confidentiality"); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (online communications not "confidential" where "[n]othing about the[] particular internet communications—inquiring about items of clothing on a retail website—warrants a deviation from th[e] general rule"). Heinz even concedes that, when customers inquire in the webchat, Amazon expressly discloses that the chat is being recorded, FAC ¶ 12; Heinz alleges nothing that would suggest any special, unique circumstances creating any expectation of privacy.

Finally, Heinz accepted the Privacy Notice when making his purchases before his chats with Amazon, *supra* § II.A, which plainly discloses Amazon "receive[s] and store[s]" information customers provide, and advises that "third-party service providers have access to personal information needed to perform their functions." RJN Ex. 5 at 1, 2.[7] This further underscores that Heinz could not reasonably expect that his customer service chats would not be recorded, when Amazon expressly advised him they would be recorded. *See Nakai*, 183 Cal. App. 4th at 518 (no reasonable expectation of confidentiality, observing "the Yahoo! privacy policy indicated that chat dialogues may be shared" and "can be 'archived, printed, and saved'"). Without an objectively reasonable expectation of confidentiality, Heinz's Section 632 claims fail.

---

[7] Amazon's Privacy Notice (publicly available on Amazon.com) is subject to judicial notice as detailed in Amazon's concurrently filed RJN, and thus may be considered under Rule 12(b)(6).

### b.    Amazon Did Not Intend to Record *Confidential* Communications.

Heinz's Section 632 claim also fails because he does not plausibly allege Amazon intended to record any *confidential* webchats.  Heinz's theory rests on his faulty premise that "[t]he only intent required by Penal Code § 632 is that the act of recording itself be done intentionally." FAC ¶ 45.  But Section 632 "require[s] an intent *to record a confidential communication*, rather than simply an intent to turn on a recording apparatus which *happened to record a confidential communication*."  *Lozano v. City of Los Angeles*, 73 Cal. App. 5th 711, 728 (2022) (citation & internal quotation marks omitted), *review denied* (Apr. 20, 2022).  This specific intent element is strictly applied, given the statute's criminal nature.  *See People v. Super. Ct. of L.A. Cnty.*, 70 Cal. 2d 123, 133 (1969) (interpreting predecessor to Section 632, concluding "it is not the purpose of the statute to punish a person who intends to make a recording but only a person who intends to make a recording of a confidential communication").  Heinz must therefore plausibly allege that Amazon recorded the customer-service webchats "with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that [its] use of the equipment will result in the recordation of a confidential conversation." *Lozano*, 73 Cal. App. 5th at 727 (citation & internal quotation marks omitted).  He has not done so.

Heinz alleges only that Amazon intentionally recorded the webchats—not that it had any intent to record confidential communications.  *See* FAC ¶ 13 ("Defendant does so intentionally, as it purchased and utilized chat recording software to record chats with consumers …."; "It is facially implausible for Defendant to have *unintentionally* recorded Plaintiff's chats … after having purchased/programmed and implemented software to do so.").  Heinz makes no allegation that Amazon had the purpose or desire to record confidential communications.  *See Lozano*, 73 Cal. App. 5th at 727.  Nor could he, since Heinz admits his chats were routine customer-service communications about a product.  He alleges no facts supporting the notion that Amazon knew "to a substantial certainty" that routine customer-service webchats would be—contrary to California's "settled" and "exacting" presumption to the contrary, *Rodriguez*,

2021 WL 2026726, at *8 n.10—"confidential," *see Lozano*, 73 Cal. App. 5th at 727.  This, too, is fatal to his claim.

### c.    Heinz Consented to the Recording.

Finally, even if Heinz had an objectively reasonable expectation of confidentiality in his chats and Amazon intended to record confidential chats, his Section 632 claim still fails because he consented to the recording at issue.

"[T]he plaintiff bringing a CIPA claim has the burden to prove that the defendant lacked consent to record."  *Reyes v. Educ. Credit Mgmt. Corp.*, 773 F. App'x 989, 990 n.1 (9th Cir. 2019); *accord* Cal. Penal Code § 632(a) (requiring recording "without … consent").  "[C]onsent may be implied where there are 'surrounding circumstances indicating that the defendant knowingly agreed to the surveillance.'"  *United States v. Staves*, 383 F.3d 977, 981 (9th Cir. 2004) (citation omitted).  Written communications, in particular, lead to an inference of implied consent:  "The circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient—recordation would be expected with a facsimile or text transmission, for example."  *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 194 n.4 (2021); *see Montantes v. Inventure Foods*, 2014 WL 3305578, at *3 (C.D. Cal. July 2, 2014) ("A party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording by the intended recipient.").

Heinz consented to the "recording" of his chats.  Heinz typed out and sent the messages when he visited Amazon's website, so he "certainly consented" to Amazon receiving the "recordation" of the messages.  *Montantes*, 2014 WL 3305578, at *3; *see TBG Ins. Servs.*, 96 Cal. App. 4th at 452 n.8 ("by sending a communication over the Internet, the party expressly consents to the recording of the message"); *In re Google*, 2013 WL 5423918, at *23 ("email services are by their very nature recorded on the computer of at least the recipient").  As Judge Shubb observed of Heinz's webchat: "It's not being recorded.  It's not being recorded.  It's typed

out." Hr'g Tr. at 17:15–16.  In other words, after typing and memorializing his chat in writing and sending it to Amazon, Heinz cannot suddenly claim he did not consent to its "recordation."

Moreover, Amazon notified Heinz that Amazon collects and uses the content of customer communications to improve its services.  The Privacy Notice advises that Amazon "receive[s] and store[s] any information you provide in relation to Amazon Services" and "employ[s] other companies … to perform functions on our behalf.… [including] providing customer service." RJN Ex. 5 at 1, 2; *see Mortensen v. Bresnan Commc'n, LLC*, 2010 WL 5140454, at *5 (D. Mont. Dec. 13, 2010) (ISP users impliedly consented to ISP diverting internet communication to third-party ad company where ISP's "Privacy Notice … [made] evident that Plaintiffs' electronic transmissions would be monitored and would in fact be transferred to third-parties for the purposes of providing 'content or services'").  Finally, Heinz apparently alleges he or other customers *knew* the chats were communicated in a recorded form, based on the alleged request for a "transcript" of the chat.  FAC ¶ 12.

Taken together, (1) the inherently recorded format of Heinz's communications, (2) Heinz's consent to Amazon's recording and storage practices in relation to customer service, and (3) and his evident awareness that the chats were being recorded leaves only one plausible conclusion:  Heinz consented to the recording, which also bars his Section 632 claim.

### 2.    Heinz's UCL Claim Fails.

Heinz fails to state a UCL claim because he (1) cannot allege the requisite economic injury for statutory standing; and (2) fails to allege any unlawful or unfair conduct.

### a.    Heinz Lacks Statutory Standing Under the UCL.

"To establish standing under the UCL, a plaintiff 'must establish that he (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition.'"  *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1144 (E.D. Cal. 2021) (quoting *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009)).  "This means that to have standing under California's UCL, a plaintiff 'must demonstrate some form of economic injury.'"  *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *4 (N.D. Cal. Dec. 22, 2022) (citation omitted).  Failure to do so is

grounds for dismissal.  *E.g.*, *Mastel*, 549 F. Supp. 3d at 1144–45 (dismissing UCL claim where "[plaintiff] ha[d] not alleged any economic injury as a result of" alleged recording of internet communications); *In re Facebook Privacy Litig.*, 572 F. App'x 494, 494 (9th Cir. 2014) (affirming dismissal of UCL claim based on alleged interception of online communication where plaintiffs "failed to allege that they 'lost money or property'") (citation omitted).

Heinz identifies no economic injury, which is fatal to his UCL claim.  He vaguely alleges that he and class members "were harmed" and "damaged," FAC ¶ 33, and seeks to redress the classes' "economic injury," *id.* ¶ 34, but provides none of the requisite facts regarding what specific economic harm he, or any putative class member, suffered, *see Mastel*, 549 F. Supp. 3d at 1144–45 (dismissing in the absence of "specific allegations" describing economic injury). Even if Heinz alleged Amazon somehow disclosed the contents of the webchat, *see* FAC ¶ 17, he still "must allege more than a loss of personal information to establish standing under the UCL," *Cappello v. Walmart Inc.*, 2019 WL 11687705, at *4 (N.D. Cal. Apr. 5, 2019) (collecting cases). Heinz's UCL claim should be dismissed.  *See Swarts*, 2023 WL 5615453, at * 9 (plaintiff could "[]not circumvent the requirement that he has lost money or property").

### b.    Heinz Alleges No Unlawful or Unfair Conduct.

Heinz's UCL claim also fails because he does not allege the requisite unlawful or unfair conduct (he does not purport to bring a claim under the fraudulent prong).  *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 838 (N.D. Cal. 2020) ("To plead a UCL claim, a plaintiff's allegations must show that a defendant's conduct violates [the statute's unlawful, unfair, or fraudulent prong].").

*First*, Heinz's unlawful UCL claim rests on the alleged violation of CIPA Section 632. *See* FAC ¶ 57.  Because Heinz failed to allege the requisite underlying CIPA violation to support this claim, as discussed above, his unlawful UCL claim fails.  *See Bunce v. Ocwen Loan Serv'g, LLC*, 2013 WL 3773950, at *7 n.2 (E.D. Cal. July 17, 2013) (dismissing; "plaintiff has failed to adequately allege an underlying violation of another law to satisfy the 'unlawful' prong").

*Second*, Heinz fails to state an unfair UCL claim.  Courts apply two differing tests for

"unfairness," *see Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169–70 (9th Cir. 2012) (describing split); Heinz's claim fails under each.  The first test only covers "conduct that threatens an incipient violation of an antitrust law … or otherwise significantly threatens or harms competition."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  Heinz makes no such allegations here.  Nor does Heinz survive the second test, which "require[s] the Court to 'weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'"  *In re Google Assistant*, 457 F. Supp. 3d at 843 (quoting *Davis*, 691 F.3d at 1169).  Heinz does not even attempt to plead facts to satisfy this test, nor could he.  *See* FAC ¶ 58 (reciting legal standard instead of alleging facts); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (affirming dismissal of unfair UCL claim where plaintiff offered only "conclusory allegations about … the unfair treatment"); *Elec. Indus. Serv. Bureau, Inc. v. Phila. Indem. Co.*, 2018 WL 7286502, at \*5 (N.D. Cal. July 11, 2018) (dismissing unfair UCL claim for failure to allege facts with sufficient particularity).  Heinz has not suffered any harm, and further, he voluntarily initiated the customer service chat, had no reasonable expectation in its privacy, impliedly consented to recording, and alleges no improper use of the recording.  As for the utility of the conduct, Amazon's chat feature provides instantaneous, easily accessible customer service to customers, including Heinz, as he used the chat feature to resolve his "shipping disputes" with Amazon.  FAC ¶ 10; *see id.* ¶ 12 (alleging Amazon records webchats "in case you contact [us] back we can still review [them]").  The balance weighs heavily in Amazon's favor, and Heinz's unfair UCL claim fails.  *In re Google Assistant*, 457 F. Supp. 3d at 844 ("Plaintiffs' 'unfair' claim is deficient because … Plaintiffs failed to adequately plead that their own conversations were intercepted and that those conversations were subject to a reasonable expectation of privacy.").

In sum, Heinz's UCL claim fails at the threshold because he suffered no economic loss, and fails on the merits because he alleges no unlawful or unfair conduct.  The Court should dismiss the UCL claim with prejudice.

## IV.    CONCLUSION

For the above reasons, Amazon respectfully requests that the Court dismiss Heinz's claims with prejudice.

DATED this 15th day of September, 2023.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Amazon.com, Inc.

By /s/ *John Goldmark*
    John Goldmark

John A. Goldmark, WSBA #40980
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8136
Fax: (206) 757-7136
E-mail: johngoldmark@dwt.com

James H. Moon (*pro hac vice*)
Heather F. Canner (*pro hac vice*)
Sancho Accorsi (*pro hac vice*)
865 S. Figueroa St., 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899
Email: jamesmoon@dwt.com
Email: heathercanner@dwt.com
Email: sanchoaccorsi@dwt.com

I certify that this memorandum contains 7,189 words, in compliance with the Local Civil Rules.