UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | No. 2:23-CV-01073-JNW<br><br>**AMAZON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR:<br>October 13, 2023 |

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201 ("Rule 201"), defendant Amazon.com, Inc. ("Amazon") respectfully requests that the Court take judicial notice of the following documents, true and correct copies of which are attached to the concurrently filed Declaration of John A. Goldmark in support of Amazon's Renewed Motion to Dismiss Plaintiff's First Amended Complaint ("Goldmark Decl."):

- **Exhibit 1.** An image of the Amazon.com Conditions of Use ("COUs") publicly available on the Amazon.com website from at least June 1, 2021 through September 13, 2022, as they appeared on June 1, 2021. Goldmark Decl. Ex. 1.

- **Exhibit 2.** An image of the COUs publicly available on the Amazon.com website from at least June 1, 2022 through September 13, 2022, as they appeared on September 13, 2022. Goldmark Decl. Ex. 2.

- **Exhibit 3.** An image of the COUs publicly available on the Amazon.com website from September 14, 2022 through at least October 3, 2022, as they appeared on September 14, 2022. Goldmark Decl. Ex. 3.

- **Exhibit 4.** An image of the COUs publicly available on the Amazon.com website from September 14, 2022 through at least October 3, 2022, as they appeared on October 3, 2022. Goldmark Decl. Ex. 4.

- **Exhibit 5.** An image of the Amazon.com Privacy Notice ("Privacy Notice") publicly available on the Amazon.com website from February 12, 2021 through June 28, 2022, as it appeared on the Amazon.com website on February 13, 2021. Goldmark Decl. Ex. 5.

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

- **Exhibit 6.** An image of the Privacy Notice publicly available on the Amazon.com website from February 12, 2021 through June 28, 2022, as it appeared on the Amazon.com website on June 28, 2022. Goldmark Decl. Ex. 6.

- **Exhibit 7.** An image of the Privacy Notice publicly available on the Amazon.com website from June 29, 2022 through December 31, 2022, as it appeared on the Amazon.com website on June 29, 2022. Goldmark Decl. Ex. 7.

- **Exhibit 8.** An image of the Privacy Notice publicly available on the Amazon website from June 29, 2022 through December 31, 2022, as it appeared on the Amazon.com website on December 31, 2022. Goldmark Decl. Ex. 8.

- **Exhibit 9.** An image of the Purchase Page as it appears on the Amazon.com website, obtained on April 5, 2023. Goldmark Decl. Ex. 9.

- **Exhibit 10.** The Washington Secretary of State's Business Information page for Amazon.com, Inc., reflecting Amazon is incorporated under the laws of Delaware and has its principal office in Seattle, Washington. Goldmark Decl. Ex. 10.

As set forth below, each exhibit is judicially noticeable, and therefore the Court may consider them in ruling on Amazon's Renewed Motion to Dismiss.

## II. THE COURT SHOULD GRANT JUDICIAL NOTICE

On a motion to dismiss, a court may consider materials outside the complaint "if they fall within the exceptions to the 'general rule that a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1041 (W.D. Wash. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The first exception applies where a complaint incorporated external material into the pleading by reference. *Id.* at 1041–42. The second exception is under Rule 201, whereby a Court may take judicial notice of "matters of public record." *Id.* at 1042 (citation &

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

internal quotation marks omitted).  Such matters of public record are those that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The documents for which Amazon seeks judicial notice fall within these exceptions, and therefore are the proper subject of judicial notice.

### A. The Conditions of Use, Privacy Notices, and Purchase Page Are Judicially Noticeable (Exhibits 1–9).

The COUs, Privacy Notices, and Purchase Page are judicially noticeable because they appear on a publicly available website and their authenticity is not subject to dispute.  Goldmark Decl. ¶¶ 2–10; *see Wilson*, 349 F. Supp. 3d at 1042 (W.D. Wash. 2018) ("The Court can take judicial notice of the Terms because they derive from a 'publicly accessible website.'") (citation omitted).  Courts routinely take judicial notice of online terms and conditions and privacy policies, as well as company webpages.  *See id.* (taking judicial notice of terms of use); *Garner*, 603 F. Supp. 3d at 993 (taking judicial notice of survey that was publicly available on webpage); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of "four versions of Google's Privacy Notice" available on Google's website); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (collecting cases taking judicial notice of publicly available policies).  Further, "[i]t is common for courts to take judicial notice of a company's historical privacy policies[,]" *In re Facebook, Inc. Secs. Litig.*, 477 F. Supp. 3d 980, 1009–10 (N.D. Cal. 2020), and courts in this circuit treat webpages retrieved from the Wayback Machine like any other webpage, *see Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022) ("District courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine"; collecting cases and taking judicial notice of webpages from Wayback Machine); *FTC v. LendingClub Corp.*, 2018 WL 11436309, at *4 (N.D. Cal. Oct.

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

3, 2018) ("Courts in this circuit have noted that the Wayback Machine is … a source" "whose accuracy cannot reasonably be questioned"; collecting cases and taking judicial notice of webpage from Wayback Machine).

      Heinz visited the Amazon Purchase page, and agreed to the COUs and Privacy Notices, each time he made a purchase on Amazon.com, as alleged in his complaint. FAC ¶ 10; *see* Dkt. 30 at 5:17–25. Heinz cannot credibly dispute the authenticity of these documents, or that he did proceed through the purchase page containing the "Place your order" button, with the notice "By placing your order, you agree to Amazon's privacy notice and conditions of use," when making his alleged purchases. *See* Dkt. 30 at 5:17–25. The COUs contain a choice-of-law provision requiring Heinz to bring claims exclusively under Washington law. The Privacy Notices disclose that Amazon records and uses the information Heinz communicates to Amazon, including with the assistance of third-party vendors. The Privacy Notices are therefore central to Heinz's allegation that he did not consent to the alleged recording, and are appropriate for judicial notice. *See* FAC ¶¶ 1–2, 28, 31, 33, 44–45, 49, 58; *see Hulsey v. Peddle, LLC*, 2017 WL 8180583, at *1 n.1 (C.D. Cal. Oct. 23, 2017) ("The Court takes judicial notice of [defendant's] Privacy Policy because its authenticity is not contested and it is central to [plaintiff's] claim that she did not consent to receive texts ….") (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)); *Stark v. Patreon, Inc.*, 2022 WL 7652166, at *5 (N.D. Cal. Oct. 13, 2022) ("The Court takes judicial notice of the existence of [defendant's online terms of use and privacy notice] and their contents—as is relevant, for example, to show what exactly [defendant] *disclosed* in its policies."). Moreover, Amazon retrieved the historical versions of the Conditions of Use and Privacy Notice from the Wayback Machine, Goldmark Decl. Exs. 1–8, which Courts routinely recognized as a source "whose accuracy cannot reasonably be questioned." *FTC*, 2018 WL 11436309, at *4.

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

The Court should thus take judicial notice of Exhibits 1–9 in ruling on Amazon's Renewed Motion to Dismiss.

**B.      Washington Secretary of State's Business Information for Amazon Page Is Judicially Noticeable (Exhibit 10).**

Under Rule 201, courts "may take judicial notice of 'official information posted on a governmental website, the accuracy of which is undisputed.'" *Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (quoting *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011)).  Courts thus routinely take judicial notice of government records which establish a corporation's state of incorporation or headquarters, such as the Washington Secretary of State's Business Information page for Amazon.  *See, e.g.*, *SEC v. Lidingo Holdings, LLC*, 2018 WL 3608407, at *2 (W.D. Wash. July 26, 2018) (taking judicial notice of "information contained in the public records maintained by the Secretary of State of the State of Washington, [which] can be retrieved on [its] public website"); *Phan v. Costco Wholesale Corp.*, 2019 WL 6050903, at *1 n.2 (N.D. Cal. Nov. 15, 2019) (taking judicial notice of business entity records retrieved from Washington Secretary of State website "which show[ed] that Costco's 'principal office' is located in Washington"); *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 924 (E.D. Cal. 2021) (taking judicial notice of business entity records retrieved from state secretary of state website), *aff'd*, 37 F. 4th 579 (9th Cir. 2022).  The Court should do the same here.

Amazon's business entity record establishes that Amazon's principal place of business is in Washington.  This is relevant to the choice-of-law analysis.  The business entity record is publicly available on the Washington Secretary of State website, where Amazon retrieved it.  *See* Goldmark Decl. ¶ 11 & Ex. 10.

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150

# III. CONCLUSION

For the above reasons, Amazon respectfully requests that the Court take judicial notice of the documents identified above.

DATED this 15th day of September, 2023.

          DAVIS WRIGHT TREMAINE LLP
          Attorneys for Amazon.com, Inc.

          By */s/ John Goldmark*
              John Goldmark

          John A. Goldmark, WSBA #40980
          920 Fifth Avenue, Suite 3300
          Seattle, WA 98104-1610
          Telephone: (206) 757-8136
          Fax: (206) 757-7136
          E-mail: johngoldmark@dwt.com

          James H. Moon (*pro hac vice*)
          Heather F. Canner (*pro hac vice*)
          Sancho Accorsi (*pro hac vice*)
          865 S. Figueroa St., 24th Floor
          Los Angeles, California 90017-2566
          Telephone: (213) 633-6800
          Fax: (213) 633-6899
          Email: jamesmoon@dwt.com
          Email: heathercanner@dwt.com
          Email: sanchoaccorsi@dwt.com

AMAZON'S REQUEST FOR JUDICIAL NOTICE ISO
RENEWED MOTION TO DISMISS FAC (2:23-cv-01073-JNW) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150