The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>                  Defendants. | No. 2:23-CV-01073-JNW<br><br>**AMAZON'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR:<br>October 13, 2023 |

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. THE COURT SHOULD DISMISS THE FAC ..............................................................2

    A. Washington Law Governs, Which Forecloses Heinz's California Claims. ..........2

        1. Absent a Conflict of Laws, Washington Law Applies by Default. ...........2

        2. Washington Law Also Governs Under the Choice-of-Law Provision. ...................................................................................................3

        3. The Choice-of-Law Provision Encompasses the Claims. .........................5

        4. The Court Should Rule on Governing Law Now. .....................................5

        5. Because Washington Law Governs, Heinz's California Claims Fail........6

    B. Even Under California Law, Heinz's Claims Fail. ...............................................6

        1. Heinz's Claim Under CIPA Section 632 Fails. .........................................6

            a. Heinz's Typed-Out Chats Are Recorded by Their Nature. ...........7

            b. Amazon Did Not Intend to Record *Confidential* Communications. .......................................................................10

            c. Heinz Consented to the Recording. ............................................10

        2. Heinz's UCL Claim Fails. ........................................................................11

            a. Heinz Lacks Statutory Standing..................................................11

            b. Heinz Alleges No Unlawful or Unfair Conduct..........................11

III. CONCLUSION..............................................................................................................11

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brown v. Google LLC*,
    2023 WL 5029899 (N.D. Cal. Aug. 7, 2023) ...........................................................................9

*Com. Money Ctr. v. Safeco Ins. Co. of Am.*,
    605 F. App'x 609 (9th Cir. 2015) ...........................................................................................5

*Cousineau v. Microsoft Corp.*,
    992 F. Supp. 2d 1116 (W.D. Wash. 2012) ..........................................................................2, 3

*Deteresa v. Am. Broad. Companies, Inc.*,
    121 F.3d 460 (9th Cir. 1997) ..................................................................................................9

*Erceg v. LendingClub Corp.*,
    475 F. Supp. 3d 1071 (N.D. Cal. 2020) ..................................................................................5

*Forcellati v. Hyland's, Inc.*,
    876 F. Supp. 2d 1155 (C.D. Cal. 2012) ..................................................................................6

*Fourth Inv. LP v. United States*,
    720 F.3d 1058 (9th Cir. 2013) ................................................................................................7

*Garner v. Amazon.com, Inc.*,
    603 F. Supp. 3d 985 (W.D. Wash. 2022) ............................................................................1, 6

*Gilberg v. Cal. Check Cashing Stores, LLC*,
    913 F.3d 1169 (9th Cir. 2019) ..............................................................................................10

*Great-W. Life & Annuity Ins. Co. v. Harrington*, 2017 WL 9831404 (C.D. Cal. Nov. 30, 2017),
    *aff'd*, 821 F. App'x 786 (9th Cir. 2020) .................................................................................4

*In re Facebook Inc. Internet Tracking Litigation*,
    956 F.3d 589 (9th Cir. 2020) .............................................................................................6, 9

*In re Facebook Priv. Litig.*,
    572 F. App'x 494 (9th Cir. 2014) .........................................................................................11

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) ..................................................................................11

*In re Google Inc.*,
    2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ...................................................................6, 8

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
 (2:23-CV-01073-JNW) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*In re Yahoo Mail Litig.*,
　308 F.R.D. 577 (N.D. Cal. 2015) ........................................................................................... 4

*Ins. Auto Auctions, Inc. v. Indian Harbor Ins. Co.*,
　2010 WL 11688494 (W.D. Wash. Sept. 16, 2010) ............................................................... 6

*Javier v. Assurance IQ, LLC*,
　2022 WL 1744107 (9th Cir. May 31, 2022) .......................................................................... 9

*Lewis v. Tel. Emps. Credit Union*,
　87 F.3d 1537 (9th Cir. 1996) ................................................................................................. 7

*Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*,
　2007 WL 3033933 (W.D. Wash. Oct. 12, 2007) ................................................................... 6

*Mountain Hi, LLC v. Linde Gas & Equip. Inc.*,
　2022 WL 17486328 (W.D. Wash. Dec. 7, 2022) .................................................................. 5

*Planned Parenthood Fed'n of Am., Inc. v. Center for Med. Progress*,
　214 F. Supp. 3d 808 (N.D. Cal. 2016) ................................................................................... 9

*Ritch v. American Honda Motor Co.*,
　2022 WL 1423709 (W.D. Wash. May 5, 2022) .................................................................... 3

*Rodriguez v. Google LLC*,
　2021 WL 2026726 (N.D. Cal. May 21, 2021) ...................................................................... 9

*Rubio v. Cap. One Bank*,
　613 F.3d 1195 (9th Cir. 2010) ............................................................................................. 10

*Spring Design, Inc. v. Barnesandnoble.com, LLC*,
　2009 WL 10702160 (N.D. Cal. Dec. 1, 2009) ...................................................................... 5

*Swarts v. Home Depot, Inc.*,
　2023 WL 5615453 (N.D. Cal. Aug. 30, 2023) .................................................................. 1, 2

*Syed v. M-I, LLC*,
　853 F.3d 492 (9th Cir. 2017) ............................................................................................... 10

*TekVisions, Inc. v. Hartford Cas. Ins. Co.*,
　2017 WL 2574022 (W.D. Wash. June 13, 2017) .................................................................. 6

*Walter v. Hughes Commc'ns, Inc.*,
　682 F. Supp. 2d 1031 (N.D. Cal. 2010) ................................................................................. 4

*Wash. Land Dev., LLC v. Lloyds TSB Bank, PLC*,
　2014 WL 3563292 (W.D. Wash. July 18, 2014) ................................................................... 5

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**State Cases**

*Am. Online, Inc. v. Superior Ct.*,
    90 Cal. App. 4th 1 (2001) ...................................................................................................4

*Archer v. United Rentals, Inc.*,
    195 Cal. App. 4th 807 (2011) .............................................................................................11

*Flanagan v. Flanagan*,
    27 Cal. 4th 766 (2002) .........................................................................................................8

*Friddle v. Epstein*,
    16 Cal. App. 4th 1649 (1993) .............................................................................................10

*Haberman v. Wash. Pub. Power Supply System*,
    109 Wash. 2d 107 (1987) .....................................................................................................5

*Kight v. CashCall, Inc.*,
    200 Cal. App. 4th 1377 (2011) ...........................................................................................10

*Mezger v. Bick*,
    66 Cal. App. 5th 76 (2021) .................................................................................................10

*Moore v. Centrelake Med.*,
    83 Cal. App. 5th 515 (2022) ...............................................................................................11

*People v. Drennan*,
    84 Cal. App. 4th 1349 (2000) .............................................................................................10

*People v. Nakai*,
    183 Cal. App. 4th 499 (2010) ..........................................................................................7, 8

*People v. Superior Court of Los Angeles County (Smith)*,
    70 Cal. 2d 123 (1969) .........................................................................................................10

*Schnall v. AT & T Wireless Servs., Inc.*,
    171 Wash. 2d 260 (2011)......................................................................................................5

*Smith v. LoanMe, Inc.*,
    11 Cal. 5th 183 (2021) ....................................................................................................9, 10

*Southwell v. Widing Transp., Inc.*,
    101 Wash. 2d 200 (1984)......................................................................................................6

*State v. Bilgi*,
    19 Wash. App. 2d 845 (2021)...............................................................................................3

*Wash. Mut. Bank, FA v. Superior Ct.*,
    24 Cal. 4th 906 (2001) .........................................................................................................4

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
 (2:23-CV-01073-JNW) - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Woodward v. Taylor*,
 184 Wn.2d 911 (2016) ...................................................................................................2

**State Statutes**

California Business & Professions Code § 17200 *et seq.* .........................................................2, 11

California Civil Code § 1751 ....................................................................................................4

California Penal Code § 632 ............................................................................................. *passim*

California Penal Code § 632(a) ..............................................................................................1, 7

California Penal Code § 632(c) ...........................................................................................1, 7, 9

California Penal Code § 637.2 ..................................................................................................4

RCW 9.73.030 ..........................................................................................................................2

RCW 9.73.060 ..........................................................................................................................4

**Other Authorities**

Restatement (Second) Conflict of Laws (1971) § 145 ..................................................................6

Restatement (Second) Conflict of Laws (1971) § 187(2)(b) .........................................................3

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
 (2:23-CV-01073-JNW) - v

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Heinz's claims against Amazon are governed by an agreement containing a Washington choice-of-law provision—the same agreement the Court enforced in transferring here—which forecloses his two California claims. Heinz bears the burden of avoiding this agreement, yet he neglects to even mention (much less establish) the factors governing the analysis. Whether the Court applies Washington law as the default law in this forum, or pursuant to the parties' choice-of-law agreement, Heinz's California claims are inapplicable and fail. Even if California law applied, Heinz's claims are likewise doomed on multiple grounds.

***Dismissal Is Warranted Under Washington Law.*** Heinz repeatedly agreed Washington law governs any claims against Amazon. Because Washington law applies to this dispute, his California Invasion of Privacy Act ("CIPA") and California Unfair Competition Law ("UCL") claims are unavailable, and must be dismissed. *See Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 995–96 (W.D. Wash. 2022) (applying Washington law and dismissing CIPA claims). Heinz's Opposition attempts to avoid his choice-of-law agreement by throwing spaghetti at the wall, but none of his arguments stick. As a threshold matter, Heinz fails to show Washington and California law actually conflict in this case. Even if he had, he fails to demonstrate either of the two exceptions to enforcing the chosen law. He ignores the first exception entirely, and as to the second, he only addresses one of the three elements—the contravention of "fundamental" California policy—and his argument there also fails.

***Dismissal Is Warranted Under California Law.*** Heinz's claims also fail under California law. CIPA Section 632 applies only to "confidential" communications, which do not exist where the parties should expect the communication "may be … recorded." Cal. Penal Code § 632(a), (c). California state and federal courts recognize written internet communications are inherently "recorded," so Heinz could not reasonably believe his webchat was confidential under Section 632. *See Swarts v. Home Depot, Inc.*, 2023 WL 5615453, at *8–9 (N.D. Cal. Aug. 30, 2023) (dismissing Heinz's counsel's identical § 632 claim on this ground). Heinz offers only half-baked policy arguments in asking the Court to ignore this plain statutory language and

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

established body of law applying it to internet communications. In any event, Heinz does not allege the *mens rea* to state a claim under this criminal statute, and he impliedly consented to the recording. Heinz's UCL claim fares no better, as he cannot allege the requisite statutory standing, *see id.* at *9–10 (dismissing webchat UCL claim on this basis), nor facts to state a UCL claim. The Court should dismiss Heinz's claims with prejudice.

## II. THE COURT SHOULD DISMISS THE FAC

### A. Washington Law Governs, Which Forecloses Heinz's California Claims.

#### 1. Absent a Conflict of Laws, Washington Law Applies by Default.

Washington law governs by default unless Heinz establishes it "actual[ly] conflict[s]" with California law. Mot. 6–7; *see Woodward v. Taylor*, 184 Wn.2d 911, 917 (2016) ("if there is no actual conflict, apply the presumptive law of the forum"). Heinz does not identify any actual conflict between Washington's Consumer Protection Act ("CPA") and the UCL, thereby conceding Washington law applies to this claim. As for his CIPA claim, Heinz lists a series of hypothetical differences between Washington and California wiretapping statutes, Opp'n 7–9, but does not explain why "the result of an[y] issue" in this case would be different under one or the other—the required showing for an actual conflict. *Woodward*, 184 Wn.2d at 917.

Heinz notes a plaintiff must suffer actual damages to state a claim under the Washington Privacy Act ("WPA"), but not under CIPA. Opp'n 7. But Heinz does not contend this would change the result of a WPA claim here; to the contrary, in defending his UCL claim he argues he suffered an economic injury. *Id.* at 20:9–23. To avoid presumptive Washington law, he must show this injury is insufficient to state a WPA claim, which he did not do.

Heinz next argues "it appears" the WPA "may" not apply to corporations. Opp'n 7:19–24. The WPA itself puts this baseless hunch to rest, *see* RCW 9.73.030 ("it shall be unlawful for any … corporation …"), as does Heinz's only cited authority, *see Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1129 (W.D. Wash. 2012) ("the WPA prohibits individuals *or entities* …").

Last, Heinz argues the WPA does not apply to communications "involving electronic data." Opp'n 7:25. But Heinz's cases do not say this. The *Cousineau* court ruled only that "the

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

transmission of Cousineau's data cannot be considered a communication" "[w]ithout an individual on the other end," and geolocation data was not a "conversation." 992 F. Supp. 2d at 1129. And *State v. Bilgi* rejected the argument that a computer program *itself* intercepted the defendant's communications, but never held an individual *using* computer software could not be liable under the WPA. 19 Wash. App. 2d 845, 858 (2021). Finally, *Ritch v. American Honda Motor Co.* held simply that the defendant did not intercept information in an in-vehicle infotainment system, which the defendant "in [no] way control[led]," "utilize[d]," or "ha[d] access" to. 2022 WL 1423709, at *3 (W.D. Wash. May 5, 2022).

Because Heinz fails to show any actual conflict between the WPA and CIPA, or the CPA and UCL, the choice-of-law inquiry ends and Washington law governs.

### 2. Washington Law Also Governs Under the Choice-of-Law Provision.

Washington law also applies pursuant to the parties' valid choice-of-law provision in the COUs.[1] Mot. 7–9. Washington courts invalidate choice-of-law provisions only if (1) the chosen law lacks any substantial relationship to the parties or dispute—which Heinz does not (and cannot) claim, or (2) applying the chosen law would contravene (a) a fundamental policy of a state (b) with a materially greater interest in the issue *and* (c) which, if not for the choice-of-law provision, would supply the governing law. *Id.* at 7–8; *see* Restatement (Second) Conflict of Laws (1971) ("Restatement") § 187(2)(b). In opposition, Heinz does not even attempt to satisfy the second and third requirements for this exception—that California has a "materially greater interest" or that California law would apply absent the agreement. This alone precludes this exception. Heinz invokes the first requirement (only for CIPA, not the UCL), but while he lists California interests that could hypothetically be impinged, he identifies no "fundamental" California policy that would be contravened.

First, Hienz conflates the threshold inquiry for a "conflict" in law (discussed above) with the exception to enforcing the chosen law, which requires a contravention of fundamental California policy. Opp'n 7–9; Mot. 9 (citing *Ins. Auto Auctions, Inc. v. Indian Harbor Ins. Co.*,

---

[1] Heinz does not contest he agreed to the COUs. *See* Mot. 7:6–8:2 & n.4.

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2010 WL 11688494, at *6 (W.D. Wash. Sept. 16, 2010) ("[M]erely showing that the laws of two states differ does not establish that one state's laws violate the other state's public policies.")). Heinz makes no effort to show the supposed conflicts—actual damages requirements, applicability to corporations, and applicability to electronic communications—contravene any "fundamental" California policy.

Heinz next vaguely references California's constitutional right to privacy, but fails to explain why litigating under Washington law contravenes it. Opp'n 6–7. The WPA and CIPA equally protect this right to privacy, Mot. 9:10–16, and Heinz cites no authority to the contrary.

Heinz notes the unavailability of remedies "can" create a conflict, but identifies no CIPA remedies unavailable under the WPA. Opp'n 9:5–9. Rather, he cites authority on California's Consumer Legal Remedies Act ("CLRA")—which has no bearing here. The CLRA, unlike CIPA, contains an express anti-waiver provision. *See* Cal. Civ. Code § 1751. And the CLRA provides remedies the foreign statutes in Heinz's cases did not, *see Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1041–42 (N.D. Cal. 2010) (Maryland statute provided no punitive or injunctive relief); *Am. Online, Inc. v. Superior Ct.*, 90 Cal. App. 4th 1, 18 (2001) (same for Virginia statute), while both CIPA and the WPA afford comparable damages, *compare* RCW 9.73.060 (providing "actual damages" or "liquidated damages" up to $1,000), *with* Cal. Penal Code § 637.2 (providing "[t]hree times the amount of actual damages" or statutory damages of $5,000 per violation). "The mere fact that the damages … are less than those he could pursue in California does not contravene a fundamental policy of California." *Great-W. Life & Annuity Ins. Co. v. Harrington*, 2017 WL 9831404, at *2 (C.D. Cal. Nov. 30, 2017), *aff'd*, 821 F. App'x 786 (9th Cir. 2020).

Finally, Heinz argues class members' home state laws should govern their wiretapping claims. Opp'n 7:4–9. But his cited cases do not involve choice-of-law agreements. The courts thus applied California's "governmental interest" test, which is applicable only "in the absence of an effective choice-of-law agreement." *Wash. Mut. Bank, FA v. Superior Ct.*, 24 Cal. 4th 906, 921 (2001); *see In re Yahoo Mail Litig.*, 308 F.R.D. 577, 602 (N.D. Cal. 2015) (citing *Wash.*

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mut.*); *Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1078 (N.D. Cal. 2020) (citing *In re Yahoo Mail*). That test does not consider states' fundamental policies, and therefore sheds no light on the question presented here.

Heinz fails to show any basis to invalidate the parties' chosen law.

### 3. The Choice-of-Law Provision Encompasses the Claims.

Heinz argues the broad choice-of-law provision does not apply because his claims "arise in tort." Opp'n 6:7–12. But Heinz ignores the "the actual words used" in the provision, *Wash. Land Dev., LLC v. Lloyds TSB Bank, PLC*, 2014 WL 3563292, at *5 (W.D. Wash. July 18, 2014), which applies to "*any dispute of any sort* that might arise between [Heinz] and Amazon." Dkt. 53, Ex. 1 at 4 (emphasis added). This broad language encompasses statutory claims arising from Heinz's use of the Amazon.com site, and Heinz fails to address Amazon's authority, which defeats his argument. Mot. 7–8 (citing cases); *accord Spring Design, Inc. v. Barnesandnoble.com, LLC*, 2009 WL 10702160, at *3 (N.D. Cal. Dec. 1, 2009) (choice-of-law provision covering "any and all disputes" "could encompass tort claims"); *Com. Money Ctr. v. Safeco Ins. Co. of Am.*, 605 F. App'x 609, 612 (9th Cir. 2015) (choice-of-law provision covering parties' "obligations, rights, and remedies" encompassed "all aspects of their relationship"); *see also Mountain Hi, LLC v. Linde Gas & Equip. Inc.*, 2022 WL 17486328, at *3 (W.D. Wash. Dec. 7, 2022) (distinguishing choice-of-law provision in Amazon COUs for its breadth). Heinz's single cited case stands for the limited proposition that a choice-of-law provision does not *by default* cover tort claims. *See Haberman v. Wash. Pub. Power Supply System*, 109 Wash. 2d 107, 159 (1987). But parties can contract to litigate tort and statutory claims under the law of their choice, as the parties did here. *See Wash. Land Dev.*, 2014 WL 3563292, at *5 (citing *Haberman* before applying choice-of-law provision to statutory claim); *see also Schnall v. AT & T Wireless Servs., Inc.*, 171 Wash. 2d 260, 266 (2011) (applying choice-of-law provision to CPA claim).

### 4. The Court Should Rule on Governing Law Now.

The choice-of-law issue is ripe for resolution. Mot. 7 n.4. Heinz asks to defer a ruling, vaguely claiming the analysis "raises complicated, fact-intensive questions." Opp'n 5:7. But he

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

identifies no such questions.  *See Garner*, 603 F. Supp. 3d at 994 (court undertakes analysis if it "has sufficient information to thoroughly analyze the choice-of-law issue").  Heinz's authorities involve different, fact-intensive conflict-of-law tests, Opp'n 5,[2] not the straightforward analysis before the Court.  No further record is needed; Heinz shows no valid basis to kick the can.

### 5. Because Washington Law Governs, Heinz's California Claims Fail.

As Amazon explained, the application of Washington law requires dismissal of California statutory claims.  Mot. 10.  Heinz responds that Amazon "is estopped from arguing Washington law differs from California law" and thus "should not be permitted to argue that Washington law precludes Plaintiff's claims."  Opp'n 4:7–5:4.[3]  But this confuses the issues on two counts.  First, *Heinz* bears the burden of showing actual conflict of laws, as a threshold matter (which he did not do).  Second, Heinz's California claims must be dismissed not because he cannot state a claim under Washington law, but because the California statutes giving rise to his claims are simply "inapplicable."  *Facebook*, 2014 WL 492369, at *4; *see Ins. Auto Auctions*, 2010 WL 11688494, at *6–7 (claims under inapplicable state law "must" be dismissed).

## B. Even Under California Law, Heinz's Claims Fail.

### 1. Heinz's Claim Under CIPA Section 632 Fails.

Even if California law applied, Amazon showed Heinz cannot allege three key elements of his Section 632 claim.  Heinz's opposition fails to demonstrate otherwise.

---

[2] Citing *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (evaluating governmental interest test that looks to whether states have significant contacts to the claims or class members); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) (same); *In re Google Inc.*, 2013 WL 5423918, at *19 (N.D. Cal. Sept. 26, 2013) (same); *Southwell v. Widing Transp., Inc.*, 101 Wash. 2d 200, 204 (1984) (applying Restatement § 145, which involves fact-intensive "evaluation of the contacts with each interested jurisdiction"); *Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*, 2007 WL 3033933, at *2 (W.D. Wash. Oct. 12, 2007) (§ 145 applied to fraud and misrepresentation counterclaims); *TekVisions, Inc. v. Hartford Cas. Ins. Co.*, 2017 WL 2574022, at *2 (W.D. Wash. June 13, 2017) (citing § 145 case for "relevant legal standard").

[3] In any case, Heinz is wrong that one comment in the hearing estops Amazon.  The court did not rely on the presence or absence of an injury/actual damages requirement in transferring, but rather held it "did not change the calculus."  Dkt. 30 at 10:22–11:21 ("plaintiff's potential inability to obtain relief under Washington law does not establish that Washington law contravenes California's public policy").  Further, the discussion identified by Heinz, when read in full, is limited to addressing the validity of the forum-selection clause; in that context, conflicts for the choice-of-law determination were not "sufficiently before the court," and Amazon represented only that the "relief" under the WPA provides for statutory damages independent from actual damages.  E.D. Cal. Dkt. 34 (Hearing Transcript) 8:3–9:3.

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### a. Heinz's Typed-Out Chats Are Recorded by Their Nature.

Heinz alleges no facts that would overcome the "settled" and "exacting" presumption that online webchats are not "confidential" under Section 632. Mot. 10–13. Heinz argues the Court should equate his webchats with customer service telephone calls. Opp'n 12–19. But this defies the plain text of Section 632 and the strong consensus among courts applying it to online, text-based communications (including webchats), and fundamentally misunderstands the logic behind the presumption against confidentiality.

Section 632 applies only to "confidential" communications, which does not exist where the parties "may reasonably expect that the communication may be … recorded." Cal. Penal Code § 632(a), (c). As Amazon explained, the California Court of Appeal in *People v. Nakai*, 183 Cal. App. 4th 499 (2010), applied this statutory language to conclude online chats were not "confidential" because of, among other things, their inherently recorded nature. Mot. 12. Since *Nakai*, California courts and courts in the Ninth Circuit have recognized text-based internet communications are unlikely to be confidential under Section 632 because any party who types out and sends a message via the internet should reasonably understand it is already "recorded" (and thus should expect it "may be recorded"). *Id.* at 12:11–14:14 (citing cases).

Despite Heinz's speculation otherwise, Opp'n 9, the California Supreme Court would agree. No California Court of Appeal opinion has deviated from *Nakai*, Mot. 12 n.5, and there is no "convincing evidence" the California Supreme Court would do so either, *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). This Court is thus "obligated to follow" *Nakai*. *Id.* at 1545, 1546 (quotation omitted) (declining to deviate from California Court of Appeal precedent). The consensus among federal courts offers additional "highly persuasive" support for this conclusion. *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1069 (9th Cir. 2013).

Further, the conclusion that text-based internet communications are presumptively recorded (and not confidential) comports with a foundational principle behind Section 632, namely that "a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation," with which Section 632 is not concerned, "and its simultaneous

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

dissemination to an unannounced second auditor" whether by eavesdropping or recording. *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002). Because someone who types out and sends internet communications themselves records them, written online communications do not implicate "unannounced" auditors and likely do not implicate Section 632.

Heinz concedes "[e]mails[ and] text messages" are not confidential for precisely this reason. Opp'n 16:16–17:1. Despite the obvious (and dispositive) similarities between webchats and these text-based digital communications, Heinz insists "online chat conversations … are equivalent to telephone conversations with customer service agents, as they relate to the same topics and content." Opp'n 2:5–6; *id.* at 13 (same argument). But the presumption in *Nakai* has nothing to do with the *content* of the communications. Indeed, Section 632's confidentiality analysis applies the same "regardless of the content of the conversation." *Flanagan*, 27 Cal. 4th at 776. The question instead hinges on the *form* of the communication. Webchats and telephone calls are distinct in this critical respect: telephone calls, unlike typed webchats, are not inherently recorded or easily shared.

Heinz cites no support for his belief that while "[e]mails, text messages, and fax transmissions" are "well understood by consumers to inherently and by axiom carry a recordation," webchats are not. Opp'n 16:16–17:8. This position is both counterintuitive (how else would Amazon receive Heinz's webchat if not in the recorded form in which he sent it), and directly conflicts with *Nakai* and all the cases cited above. *See In re Google Inc.*, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) (deriving presumption against confidentiality in emails from *Nakai*).

Heinz's argument that internet users "do not know whether websites store or record copies of the [webchat] communications" has already been tried—and failed. Opp'n 19:6–7. In *Nakai*, the court highlighted defendant's losing argument that "chat logs are different than e-mails or text messages because when the chat participants close the chat windows then 'the information or data is lost,' unlike an e-mail or text message which can be saved and viewed years later." 183 Cal. App. 4th at 513; *see id.* at 514 (noting trial court rejected argument "while

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

it is possible to retain Yahoo! chat dialogues, a reasonable person would not anticipate someone actually saving a chat dialogue"). Typing and sending messages in recorded form satisfies the presumption against confidentiality because a communication is not confidential so long as the parties suspect it "*may* be … recorded"—not just where the parties know it is being recorded. Cal. Penal Code § 632(c) (emphasis added). Heinz all but admits website users understand webchats "may" be recorded when he applies the wrong standard and argues users "do not *know* whether websites store or record copies of the communications" because "the truth is that *some websites record chat transcripts*, and others do not." Opp'n 19:6–8 (emphases added).

Heinz relies on *Brown v. Google LLC*, 2023 WL 5029899 (N.D. Cal. Aug. 7, 2023), which is distinguishable, as the plaintiffs there alleged special circumstances that specifically led them to reasonably believe their communications were confidential, *see Rodriguez v. Google LLC*, 2021 WL 2026726, at *7, *8 n.10 (N.D. Cal. May 21, 2021) (plaintiff can allege "unique, definite circumstances rebutting" presumption against confidentiality). Plaintiffs alleged Google violated Section 632 by obtaining their communications *with other websites* when they used Google's "private" or "Incognito" browsing mode. *Id.* at *1–2, *16. Because "Google told users that they could 'go Incognito' and 'browse privately,'" users would not have reasonably expected their communications remained "accessible to Google." *Id.* at *16, *18; *see id.* at *1 ("Google represented to plaintiffs it would not collect their information while they browsed privately" but "did so anyway"), *16 ("The Court, again, is guided by the way that Google itself chose to represent its private browsing mode[.]"). Heinz alleges no such facts here, nor can he, as his allegations admit Amazon accurately advises web chats are recorded. FAC ¶ 12.

Heinz's remaining cases are easily distinguished. Neither *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), nor *In re Facebook Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), address confidentiality under Section 632 and thus have no bearing here. *Smith v. LoanMe, Inc.* addresses Section 632 only to say that, as noted above, communications can be confidential "regardless of the content." 11 Cal. 5th 183, 193 (2021).[4]

---

[4] Heinz's remaining cases are factually distinguishable. *See Deteresa v. Am. Broad. Companies, Inc.*, 121 F.3d 460, 465 (9th Cir. 1997) (on-the-record conversation with reporter not "confidential"); *Planned Parenthood Fed'n of Am.,*

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### b. Amazon Did Not Intend to Record *Confidential* Communications.

Conceding he alleges no facts supporting Amazon's intent to record confidential webchats, Heinz contends the *mens rea* for this criminal statute requires virtually nothing. *See* Opp'n 19–20. He fails to address Amazon's cited authority establishing the strict intent requirement, Mot. 15:1–16:2, and instead cites one of Amazon's cases, *People v. Superior Court of Los Angeles County (Smith)*, 70 Cal. 2d 123 (1969). But *Smith*, in the very quote Heinz cites, states liability only attaches where one has "*the purpose or desire* of recording a *confidential* conversation." *Id.* at 134 (emphases added). Heinz alleges no such facts.

### c. Heinz Consented to the Recording.

Finally, Heinz's Section 632 claim fails because, taken together, (1) the inherently recorded format of Heinz's communications, (2) his consent to Amazon's recording practices for customer service, and (3) his evident awareness that the chats were being recorded, means Heinz impliedly consented to the recording. Mot. 16–17. In response, Heinz argues he does not believe he agreed to Amazon's Privacy Notice, the Notice is too complicated, and it does not specifically say Amazon will record webchat transcripts. Opp'n 10. But the Notice, which alerts Amazon customers that many of their customer-service communications may be recorded, is just one factor showing Heinz *impliedly* consented to the recording. Heinz's cases, which either deal with statutory disclosure requirements or do not address consent at all, are irrelevant. *See Syed v. M-I, LLC*, 853 F.3d 492, 495–96, 502–503 (9th Cir. 2017) (Fair Credit Reporting Act disclosure requirement); *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1171 (9th Cir. 2019) (same); *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1197 (9th Cir. 2010) (Truth in Lending Act disclosure requirement); *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (consent not at issue); *Friddle v. Epstein*, 16 Cal. App. 4th 1649 (1993) (same).

---

*Inc. v. Center for Med. Progress*, 214 F. Supp. 3d 808, 843 (N.D. Cal. 2016) (conversation in private booth "confidential"); *Mezger v. Bick*, 66 Cal. App. 5th 76, 89 (2021) (shouted conversation in neighbors' presence not "confidential"); *People v. Drennan*, 84 Cal. App. 4th 1349, 1353, 1359 (2000) (photographs not "communications").

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2. Heinz's UCL Claim Fails.

#### a. Heinz Lacks Statutory Standing.

Heinz contends "[a]n invasion of privacy" suffices to show the requisite economic injury to state a UCL claim. Opp'n 20:13. But the "collection and recordation of [a plaintiff's] personal information," without more, does not constitute a "loss of money or property" under the UCL. *Archer v. United Rentals, Inc.*, 195 Cal. App. 4th 807, 816 (2011) (dismissing UCL claim). Heinz must allege he "attempted or intended to participate in [the] market" for his personal data, "or otherwise [intended] to derive economic value from" it. *Moore v. Centrelake Med.*, 83 Cal. App. 5th 515, 538 (2022). Heinz has not done so. Moreover, the mere fact that Heinz's personal information may have some abstract value does not establish that *the specific webchat transcript at issue* had value, or if it did, that Amazon's alleged conduct diminished its value in any way. *See id.* (collecting cases); *In re Facebook Priv. Litig.*, 572 F. App'x 494, 494 (9th Cir. 2014) (affirming dismissal of UCL claim; "dissemination of [plaintiffs'] personal information and [] losing the sales value of that information" not economic injury); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 840 (N.D. Cal. 2020) (no economic injury where plaintiffs failed to show "vested interest in any money earned from unspecified personal content and information").

#### b. Heinz Alleges No Unlawful or Unfair Conduct.

Heinz concedes his "unlawful" UCL claim rises and falls with his Section 632 claim. Opp'n 20:24–27. And his conclusory assertion that privacy interests outweigh the utility of the webchat feature, *id.* at 21:7–8, does not satisfy the "unfair" prong's balancing test, Mot. 19. In fact, Heinz reinforces why the balance tips in Amazon's favor when he concedes "[c]onsumers are increasingly interacting with Internet chats to ask questions that they otherwise would be asking over the telephone, which saves both consumers and companies time and resources. This is certainly a good thing." Opp'n 13:4–6.

### III. CONCLUSION

The Court should dismiss the FAC with prejudice.

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 13th day of October, 2023.

>DAVIS WRIGHT TREMAINE LLP
>Attorneys for Amazon.com, Inc.
>
>By */s/ John Goldmark*
>    John A. Goldmark, WSBA #40980
>    920 Fifth Avenue, Suite 3300
>    Seattle, WA 98104-1610
>    Telephone: (206) 757-8136
>    Email: johngoldmark@dwt.com
>    James H. Moon (*pro hac vice*)
>    Heather F. Canner (*pro hac vice*)
>    Sancho Accorsi (*pro hac vice*)
>    865 S. Figueroa St., 24th Floor
>    Los Angeles, California 90017-2566
>    Telephone: (213) 633-6800
>    Email: jamesmoon@dwt.com
>    Email: heathercanner@dwt.com
>    Email: sanchoaccorsi@dwt.com
>
>I certify that this memorandum contains 4,187 words, in compliance with the Local Civil Rules.

AMAZON'S REPLY ISO RENEWED MOTION TO DISMISS FAC
(2:23-CV-01073-JNW) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax