UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | CASE NO. 2:23-cv-1073<br><br>ORDER GRANTING MOTION TO DISMISS |

    In this putative class action, Plaintiff Brian Heinz alleges Defendant Amazon.com, Inc. violated California law by recording electronic conversations with Plaintiff and other putative class members without their knowledge or consent. Dkt. No. 21 at 2. Amazon.com moves to dismiss the case, arguing Heinz's claims rest on inapplicable California state law given Amazon.com's Conditions of Use ("COUs") for its website which state that Washington law will govern any dispute. Dkt. Nos. 21, 52. The Court agrees with Amazon.com, and for the reasons explained below, GRANTS Amazon's motion to dismiss.

# 1. BACKGROUND

**1.1    Factual Background.**

On Amazon.com's website, there is a notice next to the "[p]lace your order" button, which reads "[b]y placing your order, you agree to Amazon's privacy notice and conditions of use." Dkt. No. 53 at 69. The "Conditions [of Use] must be accepted. … every time the customer places an order." Dkt. No. 30 at 5. Heinz made several purchases on Amazon.com. Dkt. No. 21 at 4.

The COU contains a "[d]isputes" provision. Dkt. No. 53 at 8. It provides: "[a]ny dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington[.]" *Id*. The COU also contains a choice-of-law clause under the "Applicable Law" section, which provides that Washington law governs "any dispute of any sort that might arise between you and Amazon." *Id*. at 9.

The Privacy notice informs customers that Amazon.com "receive[s] and store[s] any information you provide in relation to Amazon Services" and does so "to provide and continually improve our products and services." Dkt. No. 53 at 37. It also indicates that Amazon.com "employ[s] other companies and individuals to perform functions on [its] behalf," and "[t]hese third-party service providers have access to personal information needed to perform their functions[.]" *Id*. at 38.

Between July and September 2022, Heinz visited Amazon.com's website using his cellular phone. Dkt. No. 21 at 4. He had text conversations with Amazon.com using the chat feature on Amazon's website. *Id*. Amazon recorded its

conversations with Heinz. *Id*. But Heinz was unaware that Amazon was recording these conversations. *Id*.

**1.2    Procedural History**

In January 2023, Heinz filed his initial complaint in California Superior Court for the County of Yolo. Dkt. No. 1-1. On February 15, 2023, Amazon removed the case to the United States District Court for the Eastern District of California. Dkt. No. 1. On April 21, 2023, Heinz amended his complaint. Dkt. No. 21. His amended complaint only alleges violations of California law, including California's Invasion of Privacy Act (CIPA) Section 632 and California's Unfair Competition Law (UCL). *Id*. On May 19, 2023, Amazon moved to transfer venue to the Western District of Washington, or in the alternative to dismiss. Dkt. No. 24. On July 11, 2023, the Eastern District of California granted the motion and transferred venue to this District. Dkt. No. 30 at 13. On September 15, 2023, Amazon.com filed a renewed motion to dismiss, arguing that Washington law governs Heinz's dispute with Amazon which dooms Heinz's claims under California law. Dkt. Nos. 21, 52. It also argues that even if California law applied, Heinz failed to state a viable claim under the California laws. Dkt. No. 52.

## 2.    DISCUSSION

**2.1    Legal standard.**

The Court will grant a motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Id.* (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly,* 550 U.S. at 557). In other words, a plaintiff must have pled "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts all factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation omitted).

**2.2   Judicial Notice.**

As an initial matter, Amazon.com asks the Court to take judicial notice of these documents:

> Exhibit 1. An image of the Amazon.com Conditions of Use ("COUs") publicly available on the Amazon.com website from at least June 1, 2021 through September 13, 2022, as they appeared on June 1, 2021. Goldmark Decl.

>Exhibit 2. An image of the COUs publicly available on the Amazon.com website from at least June 1, 2022 through September 13, 2022, as they appeared on September 13, 2022.
>
>Exhibit 3. An image of the COUs publicly available on the Amazon.com website from September 14, 2022 through at least October 3, 2022, as they appeared on September 14, 2022.
>
>Exhibit 4. An image of the COUs publicly available on the Amazon.com website from September 14, 2022 through at least October 3, 2022, as they appeared on October 3, 2022.
>
>Exhibit 5. An image of the Amazon.com Privacy Notice ("Privacy Notice") publicly available on the Amazon.com website from February 12, 2021 through June 28, 2022, as it appeared on the Amazon.com website on February 13, 2021.
>
>Exhibit 6. An image of the Privacy Notice publicly available on the Amazon.com website from February 12, 2021 through June 28, 2022, as it appeared on the Amazon.com website on June 28, 2022.
>
>Exhibit 7. An image of the Privacy Notice publicly available on the Amazon.com website from June 29, 2022 through December 31, 2022, as it appeared on the Amazon.com website on June 29, 2022.
>
>Exhibit 8. An image of the Privacy Notice publicly available on the Amazon website from June 29, 2022 through December 31, 2022, as it appeared on the Amazon.com website on December 31, 2022.
>
>Exhibit 9. An image of the Purchase Page as it appears on the Amazon.com website, obtained on April 5, 2023.
>
>Exhibit 10. The Washington Secretary of State's Business Information page for Amazon.com, Inc., reflecting Amazon is incorporated under the laws of Delaware and has its principal office in Seattle, Washington.

Dkt. No. 54 at 2-3.

Heinz did not oppose Amazon's motion, so the Court considers his failure to respond an admission that the motion has merit. LCR 7(b)(2). Typically, courts are confined to the contents of the complaint when considering a Rule 12(b)(6) motion.

ORDER GRANTING MOTION TO DISMISS - 5

But judicial notice under Federal Rule of Evidence 201 is an exception to this rule. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

The Court first considers the COUs, Privacy Notices, and Amazon.com's Purchase Page. *See* Dkt. No. 54. Under Fed. R. Evid. 201, the Court may take judicial notice of "matters of public record." Each of these documents is publicly available on Amazon's website and their authenticity is beyond reasonable dispute. Accordingly, the Court takes judicial notice of Exhibits 1-9. Dkt. No. 53 at 5-69.

Amazon also asks the Court to take judicial notice of the Washington Secretary of State's business information for Amazon page. Under Fed. R. Evid. 201, the Court make take "judicial notice of 'official information posted on a governmental website, the accuracy of which [is] undisputed.'" *Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (quoting *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011)). Courts routinely take judicial notice of information contained in the public records maintained by the Secretary of State of the State of Washington. *See*, *e.g.*, *SEC v. Lidingo Holdings, LLC*, No. C17-1600-RSM, 2018 WL 3608407, at *2 (W.D. Wash. July 26, 2018). Plaintiff does not dispute the authenticity. Accordingly, the Court takes judicial notice of Exhibit 10 as well. Dkt. No. 53 at 70-73.

**2.3   Choice of Law**

Ordinarily, when a case is transferred under 28 U.S.C. § 1404(a), "the state law applicable in the original court also appl[ies] in the transferee court." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). But when, as is the case here, "a [§ 1404(a)] transfer stems from enforcement of a forum-selection clause," courts apply the choice-of-law rules for the court in the contractually selected venue. *Id.* at 65-66. Because the Eastern District of California concluded the case must be transferred to this District under a valid forum-selection clause, Dkt. No. 30 at 12-13, Washington's choice-of-law rules will control, *Atl.*, 571 U.S. at 64-65.

Washington courts "generally enforce contract choice of law provisions." *Schnall v. AT & T Wireless Servs., Inc.*, 259 P.3d 129, 131 (Wash. 2011). But "[w]here parties dispute choice of law in the face of a contractual choice-of-law provision, Washington courts first determine (1) whether there is an actual conflict of laws between the two proposed states, and if so, (2) whether the choice-of-law provision is effective." *ACD Distrib., LLC v. Wizards of the Coast, LLC*, No. C18-1517-JLR, 2020 WL 3266196, at *4 (W.D. Wash. June 17, 2020), *aff'd*, No. 20-35828, 2021 WL 4027805 (9th Cir. Sept. 3, 2021) (citing *Erwin v. Cotter Health Centers*, 167 P.3d 1112, 1120 (Wash. 2007)). "'If the result for a particular issue is different under the law of the two states, there is a "real conflict."'" *Shanghai Com. Bank Ltd. v. Kung Da Chang*, 404 P.3d 62, 65 (Wash. 2017) (quoting *Erwin*, 167 P.3d at 1120). As the party contending that some other state law applies, Heinz bears the burden of proving the existence of a conflict of law. *Erwin*, 167 P.3d at 1122.

ORDER GRANTING MOTION TO DISMISS - 7

Heinz argues that it's too early for the Court to make a choice-of-law determination at the pleading stage of the case, but the Court disagrees. "The question of whether a choice-of-law analysis can be properly conducted at the motion to dismiss stage depends on the individual case. . . . As long as a court has sufficient information to thoroughly analyze the choice-of-law issue . . . and discovery will not likely affect the analysis . . . , it is appropriate for the Court to undertake a choice-of-law analysis at the motion-to-dismiss stage." *Bartel v. Tokyo Elec. Power Co., Inc.*, 371 F. Supp. 3d 776, 790 (S.D. Cal. 2019) (internal citations and quotation marks omitted). Heinz has neither identified facts that still need to be discovered nor provided the Court with a legitimate reason to delay analyzing the choice-of-law issue now.

### 2.3.1   The choice-of-law clause encompasses both of Heinz's claims.

Heinz argues that his claims do not fall under the COUs' choice-of-law provision because they "arise in tort," so the Court must first determine whether the choice-of-law provision "extends to all, some, or none of" Heinz's claims. *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1126 (W.D. Wash. 2010).

Even though "[c]laims arising in tort are not ordinarily controlled by a contractual choice of law provision," *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992) (citation omitted), this general principle does not override the Court's obligation to "interpret contract provisions[, including choice-of-law provisions,] to render them enforceable whenever possible." *Schnall*, 259 P.3d at 131.

Here, the choice-of-law provision is extremely broad, purporting to apply Washington law to "any dispute of any sort that might arise between you and Amazon." Dkt. No. 53 at 9. Thus, the objective manifestations of the parties' agreement "*i.e.*, 'the actual words used'-rather than on the unexpressed subjective intent of the parties," *Carideo*, 706 F. Supp. 2d at 1127 (internal citation omitted), makes clear that the COUs' broad choice-of-law provision encompasses claims that arise in tort, including both of Heinz's claims.

### 2.3.2    There is an actual conflict of law.

Next, the Court must consider whether there is an actual conflict between Washington and California law on each of Heinz's claims. As to his first claim, Heinz does not identify any conflicts between the Unfair Competition Law of California ("UCL") and its analog the Washington Consumer Protection Act ("CPA"), so the Court need not conduct a choice-of-law analysis on this claim.

As for his second claim, Heinz alleges three differences, between California Invasion of Privacy Act ("CIPA") and its closest corollary, the Washington Privacy Act ("WPA"). To start, Heinz argues that unlike the CIPA, the WPA requires a showing of actual damages. Heinz, however, does not explain whether this difference would produce a different outcome given that he alleges that he did in fact suffer an injury. *See* Dkt. No. 59 at 25. Moreover, Heinz has not argued that his alleged injury would be insufficient to state a WPA claim. This is not a conflict that would produce a different outcome in the case.

Next, Heinz suggests that the WPA, unlike the CIPA, "may only apply to individuals not corporations." Dkt. No. 59 at 7. But as Amazon.com argues, this "hunch" is easily dispatched by the plain language of the WPA, which prohibits individuals, corporations, and others from intercepting or recording private communications and conversations. RCW 9.73.030(1); *see State v. D.J.W.*, 882 P.2d 1199, 1201–02 (Wash. Ct. App. 1994) ("[T]he Privacy Act makes it unlawful for *private* … entities to intercept or record any "[p]rivate conversation….").

Lastly, Heinz argues "the WPA does not apply to communications involving electronic data." Dkt. No. 59 at 7. But the WPA applies to private conversations and communications transmitted by any electronic device, which necessarily involves electronic data. RCW 9.73.030(1); *see State v. Roden,* 321 P.3d 1183, 1187 (Wash. 2014) (text messages between cellular phones is afforded the same protection from interception that are recognized for telephone conversations under the WPA). Relying on *State v. Bilgi*, Heinz also claims that the Washington Court of Appeals has held that "the WPA does not apply to 'computer software' because it is 'not an actor with an agency' under Wash. Rev. Code Ann. § 9.73.030(1)." Dkt. No. 59 at 12. Heinz is wrong again, however. In *Bilgi,* the court held that software used to send text messages to the defendant from a detective's computer did not independently "intercept" the defendant's communications, but at no point did the court hold that an individual or entity using computer software could not be liable under the WPA. 496 P.3d 1230, 1237 (Wash. Ct. App. 2021).

To the contrary, in *State v. Townsend,* the Washington Supreme Court held that the WPA applied to computers running "real time client-to-client" instant

ORDER GRANTING MOTION TO DISMISS - 10

messaging software capable of recording and saving the messages. 57 P.3d 255, 257-262 (2002).

Thus, Heinz fails to carry his burden of showing an actual conflict between the WPA and CIPA or the CPA and UCL. "Where laws or interests of concerned states do not conflict the situation presents a false conflict and the presumptive local law is applied." *Shanghai Com. Bank*, 404 P.3d at 65 (internal quotation marks omitted). So the Court need not continue its choice-of-law analysis or consider whether Heinz's California claims are well pleaded. Heinz's last-ditch argument that a comment by Amazon.com's counsel during oral argument somehow estops the company from arguing that Washington law precludes Heinz's claims lacks merit and does not forestall the Court's ultimate conclusion.

## 3.  CONCLUSION

Because Washington law controls this dispute, Heinz's complaint containing exclusively California claims fails to state a claim on which relief can be granted. Accordingly, the Court GRANTS Amazon.com's motion and DISMISSES Heinz's complaint without prejudice.

Dated this 8th day of May, 2024.

Jamal N. Whitehead
United States District Judge